## No. 2862.

### ROBERT D. URQUHART v. M. CARVIN.

_A release in a case of provisional seizure can not be considered as an ordinary conventional obligation to which may be applied the principle that: As one binds himself, so shall he be bound. It is no valid commutative contract between the plaintiff and the surety, defendant on the bond. As a public officer, the sheriff has not the authority, nor is it his duty, to make a contract of this character in which there can exist no reciprocal obligation.

APPEAL from the Sixth District Court, parish of Orleans. _Cooley,_ J. _C. M. Conrad & Son,_ for plaintiff and appellant. _E. W. Huntington,_ for defendant and appellee.

Justices concurring: Ludeling, Taliaferro, Howell, Wyly, Morgan.

WYLY, J. The plaintiff, who sued the defendant, the surety on a release bond in his case of provisional seizure against Mary L. Green, appeals from the judgment rejecting his demand.

The defense is that at the time the bond was given, there was no law authorizing the release on bond of furniture provisionally seized.

This is conceded. But the plaintiff contends that the bond is at least an ordinary conventional obligation, and on the principle as one binds himself so shall he be bound, he is entitled to recover against the defendant. The difficulty of this theory is, the doubt whether the instrument can be regarded as an ordinary conventional obligation. How can the plaintiff demand the enforcement of a conventional contract to which he was not a party? Where is the _aggregatio mentium_ between the plaintiff and the defendant?

It is not pretended that he gave the sheriff a power of attorney to contract for him; and as a public officer the sheriff was wholly without authority to make contracts of this character; it was no part of his duty to make an ordinary contract for the plaintiff. Without authority to bind the plaintiff, how can it be pretended that the sheriff could consent for him, or in his behalf make a valid commutative contract with the defendant or the party for whom the defendant was security.

Viewing the bond as merely a commutative contract, we are of

opinion that the plaintiff can not recover upon it, because not being a party thereto it was not binding on him; there was no reciprocal obli-gation on his part. Incurring no obligation himself, there existed no commutative contract between him and the party for whom the defendant is security. Revised Code 1765, 1766, 1768, 1770, 1797.

Judgment affirmed.