## No. 6237.

### EMANUEL MEYER & BROTHER vs. MRS. MARY S. JOHNSON.

This suit is on the release bond given by the intervenor. The judge *a quo* did not err when he rendered judgment against the plaintiffs, on the ground that intervenors have not the right to release property seized under attachment. The bond given by the intervenor is not a judicial bond, and the plaintiff can not recover. In cases of the kind it has been settled that the defendant only can bond the property attached.

APPEAL from the Fifth Judicial District Court, parish of East Feliciana. *Dewing*, J. *W. F. Kernan*, for plaintiffs and appellants. *Wedge & Moore* and *K. A. Cross*, for defendant and appellee.

TALIAFERRO, J. The plaintiffs brought suit by attachment against R. L. Dupré and Jack Rhea, and attached ten bales of cotton and a pleasure carriage or buggy. Mrs. Gaulden, a resident of Mississippi, intervened, claiming to be the owner of the property attached. She bonded the property attached, giving Mrs. Johnson as her surety. On trial of plaintiffs' suit against Dupré they had judgment against Dupré and against Mrs. Gaulden, intervenor, rejecting her demand as owner of the property attached. The plaintiffs ran executions against Dupré and Jack Rhea, and they were returned *nulla bona*. The suit now before us is on the release bond given by the intervenor. Judgment was rendered against the plaintiffs, on the ground that intervenors have not the right to release property seized under attachment. The bond, therefore, given by the intervenor is not a judicial bond, and the plaintiffs can not recover. The plaintiffs have appealed.

The judgment of the lower court was properly rendered. In cases of the kind it has been settled that the defendant only can bond the property attached.

It is ordered that the judgment appealed from be affirmed with costs.