No. 6006.

A. L. SLAWSON vs. ROBERT J. KER.

The surety on a bond, by virtue of which a sheriff releases money, or other property, under attachment in his hands, is liable on the bond.

APPEAL from the Sixth District Court, parish of Orleans. *Saucier, J.*

*Samuel P. Blanc,* for plaintiff and appellant.

*Henry B. Kelly,* for defendant.

The opinion of the court was delivered by

MANNING, C. J. This suit is upon a bond, to which the defendant is surety, executed by W. E. Hunt, to obtain the possession of certain moneys in the hands of the sheriff, the proceeds of the sale of property which had been attached, the ownership of which was in dispute.

The plaintiff owned and possessed nineteen mules. In 1871, Hunt, a resident of Kentucky, attached them as the property of one O'Brien, his debtor. Slawson intervened in that suit, and sought in vain to effect a release of his property. Failing in this, and to save the expense of keeping the mules, a sale was consented to, the proceeds to be paid over to the sheriff, and to remain in his hands in lieu of the mules until a final adjudication of the rights of all the parties. The sale was to be made by Montgomery, a public auctioneer. After the sale, Hunt applied to the sheriff for delivery of the proceeds to him, and obtained them, at which time the bond in question was executed.

The following answers were made by the defendant on cross-examination:

Question. "Did you not know that he intended to get the money from the sheriff by giving this bond?"

Answer. "I thought, as a lawyer, that the sheriff should not have

taken the bond. If I had been the lawyer of the sheriff, I would have advised him not to take any such bond."

Question. "Did you not know that he was taking that bond to the sheriff for the purpose of getting this money?"

Answer. "I did not think it would be accepted, but I thought it was for that purpose."

Question. "Answer me this question: Did you not know that Mr. Wooldridge intended to get the money out of the sheriff's hands by virtue of that bond?"

Answer. "Yes, I presumed that was the fact."

Upon the trial of Hunt's suit against O'Brien, in which plaintiff was an intervenor, the title of the latter to the property was maintained. Calling on the sheriff for the money, he was presented with the bond, duly assigned to him. The principal was not to be found; the property was gone; the money was gone. Nothing remained but the bond.

The defense is that the instrument sued on was executed in a judicial proceeding, and is invalid, because not authorized by law; that the plaintiff in an attachment suit is not permitted legally to withdraw from the hands of the sheriff the attached property, and that neither plaintiff nor defendant can withdraw the proceeds of the sale of attached property from that officer's hands.

The equity of the case is so strongly with the plaintiff that his recovery can be prevented only by the inexorable prohibition of the law, and if this is a judicial bond, possessing the qualities and attributes of that species of obligation, and none other, the plaintiff is barred by the want of authority of the sheriff, as sheriff, to take it.

Divest the case of the feature that it was the sheriff who took the bond. A party sues his debtor, and attaches property that he chooses to allege belongs to that debtor. The real owner intervenes, and claims it. There is but one of the three that can obtain a release of the property on bond, and he is indifferent what becomes of that which is not his. To keep the property in the custody of the law would consume it. To prevent this, the two who can not bond it judicially agree by a convention between themselves that the property shall be sold, and the proceeds be paid over to a third person, mutually agreeable to them. This third person receives the proceeds of sale, and lends it out, or delivers it to one of the claimants, upon the execution of an obligation to pay it to the other, if he should be determined to be the owner of the property sold, or to pay it back to him, in order that he may pay it to the owner. Can there be any doubt that a recovery can be had upon such a bond? And if this be so, in what respect is the liability changed when it happens that the third person, thus selected by the parties, is an officer of the court before which the litigation is pending?

Slawson vs. Ker.

The surety to the bond admits that he knew its object was to enable one of the parties to get possession of the money. He signed it in the belief that the party principal would get the money, unless the person who held it was recalcitrant, and if he did get it, that himself would not be bound to replace it. We think otherwise.

We must not be understood as contravening or modifying the doctrine that where a judicial bond is taken by a public officer without authority of law, the bond itself is a nullity, and binds no party to it. But the obligation sued on is, under the special circumstances of this case, an express convention between the plaintiff and intervenor in the original suit, having for its object the provision of a mode of preventing the destruction of the property, outside of the special means furnished by any specific directions of the Codes, and in that respect it is an obligation that we can legally enforce.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court is annulled, avoided, and reversed, and that plaintiff have and recover of the defendant $2461, with five per centum per annum interest from the eighth day of June, 1873, and costs of both courts.