No. 3559

Second Circuit

LOUISIANA CENTRAL LBR. CO. v. BRIDGER

(January 31, 1930. Opinion and Decree.)
(January 31, 1930. Rehearing Refused.)

Stubbs and Thompson of Monroe, attorneys for plaintiff, appellant.

Wm. H. Mecom of Columbia, attorney for defendant, appellee.

WEBB, J. Plaintiff, Louisiana Central Lumber Company, a creditor of W. R. Aten on two distinct claims, one for $270.42 and the other for $428.94, instituted two suits against him to recover judgment on the respective claims.

The suit on the first claim was brought in the parish of La Salle, and judgment was rendered on default for the amount of the claim with interest and costs, and, under an alias writ of fi. fa. issued on the judgment and directed to the sheriff of Caldwell parish, there were seized four horses and a wagon, and on the date of the seizure under the fi. fa. plaintiff instituted suit against Aten in the parish of Caldwell on the second claim, and obtained an order of attachment under which the sheriff seized and attached six horses, one mule, three wagons, and a lot of tools. Following the seizure and while the suit on the second claim was pending, D. T. Haynes executed two bonds, with A. D. Bridger as surety in favor of the sheriff, and obtained the release of the property which had been seized by the sheriff under the writs, and subsequently, after judgment had been rendered in favor of plaintiff on the second claim, in which the writ of attachment was maintained, and a privilege resulting from the attachment recognized on the property seized, when the sheriff came to sell the property which had been seized under the fi. fa. and to execute the judgment rendered in the attachment proceedings, the property was not to be had, and after an outcry calling upon Haynes, principal, and Bridger, the surety on the bonds, to produce the property, to which there was not any response, the sheriff declared the bonds forfeited.

Plaintiff then filed two suits against Bridger, surety on the respective bonds given to the sheriff by Haynes to obtain the release of the property, it being alleged that Haynes was a nonresident and absent from the state, and prayed for judgment against Bridger, surety, to enforce the bonds and for judgment against Bridger for the amount of the respective judgments held by it against Aten.

Bridger filed several exceptions which were overruled, and he then answered, pleading in effect a general denial and setting up several special defenses, among which was a plea that the property which had been seized and released to Haynes was not the property of Aten, but belonged to Haynes, and that the sheriff was not authorized to accept the bonds and release the property to Haynes, and he prayed that plaintiff's demands be rejected and for judgment decreeing the bonds to be null and void, and on the same date Haynes filed interventions in the suits, in which he alleged that the property which had been seized and released to him was not the property of Aten, but belonged to intervener, and he prayed that the demands of plaintiff be rejected, and that the bonds be canceled, and recognizing him as the owner of the property.

Defendant filed exceptions to the intervention, and then answered pleading in effect a general denial. The suits were consolidated for trial, and on trial judgment was rendered rejecting plaintiff's demands in which the demands of the intervener were not mentioned, and plaintiff alone appealed from the judgments.

On the appeals being submitted here, counsel representing defendant Bridger and Haynes in the trial court filed a brief in behalf of both parties, and urged that the judgments should be amended and the respective bonds canceled, and that the intervener should be recognized as the owner of the property released to him. However, plaintiff did not make Haynes a party to the suits, and, when he appeared as intervener, plaintiff did not amend and ask for judgment against him, and it is not suggested that judgment could be rendered on the appeals in favor of plaintiff and against the intervener, and, as intervener did not appeal, we do not think that the judgments, in so far as the intervener's right may be affected, can be reviewed; and our review of the judgments must be confined to the questions presented as between the plaintiff and defendant, surety on the bonds.

As stated, the bonds sought to be enforced were given for the release of property which had been seized under two distinct writs, and the defenses interposed to the suits were the same. It is certain that the sheriff acted upon his own initiation in accepting the bonds and releasing the property, and it is apparently conceded by appellant that, although the law provided a means by which Haynes might have obtained the release of the property seized under the writs of fi. fa. (articles 395 to 400, Code of Practice; Act No. 109 of 1880), as well as that seized under the writ of attachment (articles 395 to 400, Code of Practice; Act No. 51 of 1876), the bonds cannot be considered as judicial bonds or enforced as such.

However, appellant contends that the bonds should be considered as conventional obligations and enforced as such, while appellees urge that the bonds were illegal, null, and void, and, in event they can be considered as conventional obligations, that the evidence failed to establish that they had been transferred by the sheriff to plaintiff, and it could not therefore enforce any obligation of the principal or surety on the bonds.

We do not deem it necessary to consider the questions as to whether or not plaintiff could sue to enforce the bonds if they could be considered as conventional obligations, as there was not any law authorizing the sheriff to accept the bonds and release the property, and, as he acted without any order of the court, the bonds cannot be construed as conventional obligations.

There are several cases in which it has been held that, where there is not any law authorizing the sheriff to accept a bond and release property which he has seized, the bond cannot be enforced (King v. Baker, 7 La. Ann. 570; Meyer & Bro. v. Johnson, 28 La. Ann. 244; also ·Urquhart v. Carvin, 25 La. Ann. 218), and we do not think the decisions cited by appellant (Slawson v. Ker, 29 La. Ann. 295, and Todd v. Gordy, 29 La. Ann. 498) are in conflict with the prior decisions, as in Slawson v. Ker the sheriff was acting rather as the agent of the parties than in his official capacity, and in Todd v. Gordy he was acting under the orders of the court.

In the present instance, the sheriff was acting in his official capacity and on his own initiation, without any order of the court, and, as his action was unauthorized either by law or an order of court, ˙the bonds were invalid and cannot be enforced as evidencing conventional contracts; and the judgments appealed from are therefore affirmed.