## No. 961.

JAMES TODD vs. M. T. GORDY, SHERIFF, ET AL.

If the property pointed out by a debtor to his seizing creditor is incumbered by recorded liens which exceed its value, the creditor may disregard the debtor's election, and seize other property of the latter.

When a third person intervenes in a suit, and by an illegal order of court takes possession of property involved in the suit, on executing a bond for its value, he, and his surety will be liable on the bond. Such a bond, though not a judicial bond, is a binding conventional obligation for its full amount.

APPEAL from the Third Judicial District Court, parish of St. Mary. *Train, J.*

*F. L. Gates, E. Simon,* and *Allen & Foster,* for plaintiff and appellant.

*D. Caffrey,* for appellee.

The opinion of the court was delivered by

MANNING, C. J. Wilson McKerall, a judgment creditor of James Todd, with recognition of mortgage upon the Arlington plantation, issued exe-

cution, and by his direction the sheriff levied upon twenty hogsheads of sugar for its satisfaction. Before levying the writ of *fieri facias*, the officer required the judgment debtor to point out property for seizure, who accordingly designated the mortgaged premises for that purpose. The officer refused to seize that property under instructions of McKerall's counsel, because it was burthened with anterior mortgages sufficient in amount, as appeared from the mortgage books, to cover its full value. Todd refusing to point out other property, the sheriff seized sufficient sugar to satisfy the judgment, and the debtor injoined its sale.

J. B. Lyons intervened in this injunction suit, alleging that he was pledgee of the sugar for supplies and advances used in its cultivation, and upon application to the court was permitted to take possession of it, and gave bond for its restitution or its value. The defendant, Mc-Kerall, took a rule to set aside the order permitting Lyons to bond the sugar, and on its trial the order was vacated as having been made in error, and, it being impossible to restore the sugar to the possession of the sheriff, because of its removal, McKerall prayed that Lyons and his surety be ordered to deposit its value in court, and this was refused.

From this order of refusal the defendant appealed. The trial, however, proceeded, and resulted in a dissolution of the injunction without damages, and a dismissal of the intervention. We are asked to dismiss the appeal from the interlocutory order. It would be inutile either to consider or to dismiss it. The whole case is before us, and a decree upon the final judgment will dispose of all the issues.

The ground of complaint of plaintiff is that his mortgage creditor having elected not to proceed against the mortgaged property, and having called on him to point out property for seizure, refused to seize what was specifically pointed out to him, and did seize movables for the satisfaction of his judgment. His construction of the directions of the Code of Practice (articles 646-8), is that when the creditor declines or refuses to exercise his rights upon property specially mortgaged to him, and calls on the debtor to point out property for seizure, he is bound to pursue first that which has been or is thus specially pointed out by the debtor, and can not pursue any other until he has exhausted that. If the correctness of this construction be admitted in its entirety, it is also true that where the property thus pointed out by the debtor is so incumbered by liens, mortgages, or privileges anterior to that of the seizing creditor that its sale will not probably satisfy the claim of that creditor, he can lawfully disregard the selection of property made by the debtor for seizure, and proceed against other property in the mode and according to the order prescribed by the Code.

And such was the fact here. The records of the mortgage office disclosed a vendor's lien for eleven thousand dollars, and a recorded inven-

tory of over ninety thousand dollars of property belonging to a minor, of whom Todd was co-tutor, both of which primed the mortgage of the defendant. And it is not pretended that the value of the property equaled the aggregate of these two sums. It is, however, said that this last was but a shadow resting upon the property, and proof was tendered to show that nothing was due the minor, or that the lien thus, in appearance, clogging the property had no real existence. To this it was excepted that the examination of the minor's affairs could not be made in this action, and this was neither the time nor the occasion for ascertaining whether the lien which confronted the defendant at the time of seizure was rightfully or wrongfully there. If there wrongfully, it was the plaintiff's and debtor's business to have removed it before.

Unquestionably this was right. When the judgment debtor points out property to his creditor for seizure, he can not complain if that creditor disregarded the selection, when he finds it incumbered upon the mortgage records by liens exceeding its value. If he wishes to secure to himself in its fullness the right to point out his mortgaged property to any seizing judgment creditor, he should take care that no liens should remain upon the records, save those which have actual existence.

The seizure of the sugar was therefore made by the defendant in the exercise of his legal right, and the process of injunction, by which he was restrained from making the proceeds of its sale available for the payment of his debt was wrongfully employed. He prayed damages, which were not allowed by the lower court, and we shall amend the judgment in that respect.

And here it becomes necessary to consider the effect of the judgment of the lower court. It dissolved the injunction, but meanwhile an intervenor had removed the property seized, under authority of the court, leaving a bond to represent it, which it is said is of no validity, because executed under an illegal order, so that the judgment debtor enjoins the sale of his property under the pretext that his creditor must first discuss other property incumbered on the face of the record beyond its value, and while the creditor is thus fast bound by the cords of the law, another creditor whose interest the debtor feels himself "morally and legally bound to protect," intervenes and bonds by proxy the seized property, removes it, converts it to his own use, and leaves a worthless paper to represent the tangible property, the sale of which would have satisfied his claim. Courts of justice are but a mockery if they can not find and apply a remedy for such trifling with their procedure.

The bond thus given by the intervenor is not a judicial bond. The court had not authority to direct that it should be taken. The intervenor was an interloper in this contestation, and should not have been permitted to take the property. But he did take it, and at the moment

Todd vs. Gordy, Sheriff.

of taking it covenanted that he would restore it when the court should so order, or pay its value. He can be compelled to perform his covenant by an action upon the bond. Not being a judicial bond, the process for the enforcement of those instruments can not be invoked by him, but it is a conventional obligation upon which himself and his surety can be pursued.

There were four executions enjoined, and all have been included in one transcript and cumulated. Two of them were for the American Colonization Society, and the plaintiff produces in this court receipts of that society for the payment of its judgments, and moves for the dismissal of those appeals, and it is so ordered.

Two other appeals are from the judgments dissolving the injunctions against McKerall's process, and these are the cases we have been considering.

This transcript is the most ill-arranged and badly prepared of any we have yet examined, and furnishes a fitting occasion to say to the clerks of the lower courts that we shall hereafter enforce the rule which provides for the preparation of a new transcript at their expense, if the transcripts in future appeals are made in disregard of the directions contained in that rule. These directions are contained in Rule I, and are accessible to all persons, and easily understood. An officer who desires to perform his duty can not fail with small effort to ascertain from these directions what is required of him; and as a return of the transcript for its improvement or entire rewriting will entail delay in the hearing of the cause by operating a continuance, it behooves those who would avoid such delay to take care that transcripts are not laid before us in such disorder as was confessed in the oral argument in this cause characterizes this one.

It is ordered, adjudged, and decreed that the judgment of the lower court be amended by awarding to Wilson McKerall five hundred dollars special damages as attorney's fees in the two cases, and twenty per centum upon the sum enjoined as general damages, and, as thus amended, that it be affirmed with costs of both courts. It is further decreed that the appeals from the judgments in the suits where the American Colonization Society is a party be dismissed on motion of appellant and at his costs.