The State, for the use of Meeker, v. McGlothlin.

---

THE STATE, FOR THE USE OF MEEKER, V. McGLOTHLIN.

1. **Attachment:** DELIVERY BOND: NOT ANNULLED BY SUPERSEDEAS BOND. Where a delivery bond is given for the release of attached property, it remains in full force until the conditions thereof are performed, and is not annulled by a supersedeas bond given on an appeal taken from the judgment rendered against the attachment defendant.

2. ———: ———: ACTION ON. Where a delivery bond is given under section 2994 of the Code, and judgment is rendered against the attachment defendant, such judgment may, under section 2995 of the Code, be entered also against the sureties in the bond; but this remedy against the sureties is not exclusive, and a separate action may be maintained upon the bond against the sureties to recover the amount of the unpaid judgment.

3. **Surety:** ACTION AGAINST: EXHAUSTING PROPERTY OF PRINCIPAL. An action may be maintained against the surety on a bond without first exhausting the property of the principal. Section 3039 of the Code has no reference to such a case.

4. **Attachment:** DELIVERY AND SUPERSEDEAS BONDS: LIABILITY OF SURETIES. Where a delivery bond is given for the release of attached property, and there is judgment against the attachment defendant, and he appeals and gives a supersedeas bond with the same surety as the delivery bond, the surety is liable on both bonds, but his total liability cannot exceed the amount for which his principal is in default upon the judgment rendered against him.

*Appeal from Wapello District Court.*

WEDNESDAY, JUNE 13.

THIS action was commenced in 1881, and tried at the Janu-

ary term, 1882. There are two counts in the petition. The first states that a complaint under the bastardy statute was filed against Jacob L. McGlothlin, and that an attachment was ordered to and did issue, by virtue of which certain personal property of the said Jacob was attached, which he desired to have released. Therefore he, and the defendant as his surety, executed to the sheriff a delivery bond in the penal sum of $380, conditioned that if the said Jacob should "in all things well and truly perform any judgment of the court which may hereafter be rendered against him in said action, then this obligation to be void, otherwise to remain in force." It is stated that a judgment was afterward rendered on May 14, 1880, and it was then adjudged that the said Jacob should pay "$50 immediately," and "$25 on the first day of September, January and May of each year thereafter." It is further stated that said judgment is in full force and wholly unpaid. The second count states that, after the rendition of the judgment aforesaid, the said Jacob appealed to the supreme court, and superseded the judgment by executing, together with the defendant as his surety, a bond in the penal sum of $250, which is conditioned that if the said Jacob paid "all costs and damages that shall be adjudged against him on said appeal, and shall also satisfy or perform the judgment appealed from in case it shall be affirmed * *, then this obligation to be void, otherwise in full force." It is stated that the judgment appealed from had been affirmed. In an amended petition it is stated that certain costs in the bastardy proceeding were incurred, which remained unpaid. A judgment for $630 was asked. There was a demurrer to the petition, which sufficiently presents the points discussed in the opinion. It was overruled and, the defendant electing to stand thereon, judgment was rendered against him for the amount claimed, and he appeals.

*Stiles & Beaman*, for appellant.

*Smith McPherson, Attorney-general*, for appellee.

SEEVERS, J.—I. It is insisted that the supersedeas bond declared on in the second count of the petition superseded or rendered the delivery bond null and void, and that no recovery can be had thereon. No authority is cited, nor is the proposition largely discussed by counsel. We therefore deem it sufficient to say that, in our opinion, the delivery bond remains in full force until the conditions therein stated are performed.

*1. ATTACH-MENT: delivery bond: not annulled by supersedeas bond.*

II. The bond just mentioned was executed under the provisions of section 2994 of the Code, and section 2995 provides that "such bond shall be a part of the record, and, if judgment go against the defendant, the same shall be entered against him and sureties." Because no such judgment was rendered against the defendant in the bastardy proceeding, it is insisted that none can be now, the argument being that the remedy on the bond is statutory and exclusive. In support of this proposition, *Cole v. The City of Muscatine*, 14 Iowa, 296, is cited. In that case it was held that the plaintiff had no remedy at common law, and therefore he must pursue the remedy provided by statute. This is obvious. In the case at bar we think the plaintiff could have maintained an action on the bond at common law, if none had been provided by statute. The latter, therefore, is merely an additional remedy. The bond, it is true, is statutory, but the release of the lien of the attachment constituted a sufficient consideration, and no reason can be given why an action at common law cannot be maintained thereon, unless the statute is both mandatory and exclusive, which is claimed. If this construction is adopted, then the same judgment which is entered against the principal must be entered against the surety, although the latter might not be liable to the same extent as the principal. At least, a strict construction would require such a judgment. But, in our opinion, whether that is true or not, the plaintiff is confined to the statutory remedy. As bearing on this question see *Sheppard & Morgan v. Collins*, 12 Iowa, 570; *Moorman & Greene v.*

*2. ——: ——: action on.*

*Collier*, 32 Id., 138; *Risdon v. Shank*, 37 Id., 82; *City of Dubuque v. Ill. C. R. R.*, 39 Id., 56; *City of Burlington v. B. & M. R. R.*, 41 Id., 134.

III.   Section 3039 of the Code provides: "When a judgment is against a principal and his surety, the officer having the collection thereof shall exhaust the property of the principal before proceeding to sell that of the surety;" and it is insisted that this action cannot be maintained, because it is not stated in the petition that the property of the principal debtor has been exhausted. But the statute only applies when judgment has been obtained against both principal and surety, and not then, unless the order of liability is stated in the judgment. Code, § 3042.   The plaintiff has the right to a judgment against the surety before the statute as to the order of liability can be invoked by him.

*3. SURETY: action against: exhausting property of principal.*

IV.   The court held that the plaintiff was entitled to judgment to the extent of the penal sum of both bonds.   That the defendant is liable on both bonds we think is true.   He is undoubtedly liable on the delivery bond.   The extent of such liability will be hereafter stated.   Now, being so liable, suppose the supersedeas bond had been signed by some other person, and defendant had paid the amount of the delivery bond, and there was a portion of the judgment unsatisfied, we apprehend that the person who signed the supersedeas bond would be liable to the extent of the bond, provided that amount of the judgment remained was satisfied.   The fact that both bonds are signed by the same person cannot affect the extent of his liability.

*4. ATTACH-MENT: delivery and supersedeas bonds: liability of sureties.*

V.   It is insisted that this judgment is for too much; and we think in this respect the court erred.   At the time this cause was tried, there was only due on the judgment in the bastardy proceeding the sum of $175, and a small amount of interest, together with certain costs which were unpaid, the whole of which amounts to much less

*5. SAME.*

than the amount for which judgment was rendered. Before the plaintiff could recover of the defendant as surety, it must appear that the principal debtor was in default. Now the latter was in default only to the extent of the judgment which was due and payable according to its terms. As the judgment against the defendant was much greater than this, the court in this respect erred.

REVERSED.