63  333
164s 267

## Barbara Becker v. The People of the State of Illinois.

1. BOND—*Given on Appeal, does not Release a Supersedeas Bond.*—The giving of a bond on an appeal from the Appellate Court to the Supreme Court, does not operate as a release or discharge of a supersedeas bond given in the same cause on a writ of error to the Circuit Court from the Appellate Court.

**Scire Facias**, on appeal bond.—Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed March 31, 1896.

WM. S. YOUNG and JOHN REID MCFEE, attorneys for appellant.

JACOB J. KERN, state's attorney, attorney for appellee; T. A. COFFEY, MAX RIES and E. S. BOTTUM, of counsel.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The principal question in this case is whether the giving of a bond on appeal from this court to the Supreme Court operated to release or discharge a supersedeas bond given in the same cause on writ of error to the Circuit Court from this court.

We regard that question as having been substantially settled in the negative by the Supreme Court in the case of McCall v. Moss, 100 Ill. 461, and Ennor v. G. & S. W. R. R. Co., 104 Ill. 103. It would therefore have availed nothing to the appellant, if her plea of release from liability as surety

upon the supersedeas bond, because of the giving by her principal of a subsequent bond with a different surety upon an appeal of the same cause from this court to the Supreme Court, had been allowed to be filed. We are unable to see that the fact that both bonds were in the same penalty and were for the same judgment of fine, as well as costs, in any way affected the liability of the surety upon the supersedeas bond which was the one sued on.

It is only necessary to add that there was no material error in admitting oral evidence of the amount due upon the bond. The bond was in evidence, as were also the orders of affirmance by both this and the Supreme Court, and the testimony of the witness Bottum as to the amount due was at most superfluous, and could have done no harm.

Having examined the record with care and studied appellant's brief with attention, we find no substantial error, and therefore the judgment will be affirmed.