HENRY SWARTZ *et al.* v. JOHN M. ENGLISH.

No. 58.

1. REPLEVIN—*Action on Bond—Amount in Controversy.* In an action upon a redelivery bond given in an action of replevin, the amount in controversy is the amount due upon said bond, and includes the amount of the judgment, interest and costs in the replevin action.

2. ——— *Sureties, When not Released.* Upon a breach of the conditions of a redelivery bond given in action of replevin before a justice of the peace, the sureties upon such bond are not released when the defendant in replevin files an appeal bond, and thereby transfers the action to the district court.

3. ——— *What Plaintiff Must Prove.* In an action to recover from the sureties upon a redelivery bond given in an action of replevin before a justice of the peace, and taken on an appeal to the district court, the plaintiff must prove a judgment of the district court and a breach of the conditions of the redelivery bond before he can recover upon said bond.

MEMORANDUM.—Error from Rice district court; A. M. LASLEY, judge *pro tem.*   Action  by John M. English against Henry Swartz and John Osthoff to recover on a redelivery bond.   Judgment for plaintiff.   Defendants bring the case to this court.   Reversed. The opinion herein, filed May 12, 1896, states the material facts.

*C. F. Foley*, for plaintiffs in error.
*John N. Ives*, for defendant in error.

The opinion of the court was delivered by

DENNISON, J.: This action was commenced in the district court of Rice county, Kansas, by John M. English against Henry Swartz and John Osthoff, to recover upon a redelivery bond executed and delivered by them in an action in replevin before a justice of the peace in Sterling township, in said county, in which said English was plaintiff and G. M. Dilley, otherwise known as Jim Dilley, and Joseph Hughes were defendants.   The bond was taken by the constable and the property in controversy was delivered to the defendants in the replevin action.   Judgment was rendered upon said bond against these plaintiffs in error for the sum of $75.75 and interest, as the value of the property and the damage for detention, and $64.24 as the costs of the replevin suit, and they bring the case here for review.

The defendant in error has filed a motion to dismiss this case, for the reason that the record shows on its face that the amount in controversy is less than $100. No argument or proof is produced on the motion; hence we suppose it is abandoned.   We will say, however, that the amount in controversy, exclusive

of the interest and costs in this case, is the amount due on the redelivery bond, which is about $140.

G. M. Dilley, one of the defendants, filed an appeal bond in the replevin action, and said action was certified to the district court. The plaintiffs in error contend that the redelivery bond is superseded by the appeal bond, and that they are released because the terms of the contract have been changed without their consent. By signing the redelivery bond, Swartz and Osthoff became security to English for the return of the property and damages and costs. No act of English enlarged or varied their liability or changed the terms of their contract. The plaintiffs in error cite several cases to show that any change to his detriment in the condition of a surety, made without his consent, discharges him, among which is the case of *Schnitzler v. National Bank*, 1 Kan. App. 674. In the cases cited the change was made with the assent of the obligee. In this case the change was made without his assent and probably against his wish. We must therefore hold that the sureties are liable upon the redelivery bond in an action of replevin before a justice of the peace, notwithstanding the fact that an appeal bond has been filed in the case and the case appealed to the district court.

Plaintiffs in error contend that the court erred in not sustaining the demurrer to the evidence of the plaintiff below. We think this contention is good. The record shows that English obtained a judgment before the justice of the peace, and that an appeal was duly taken to the district court. The appeal vacates the judgment of the justice of the peace, and the evidence of the plaintiff below wholly fails to show that there was a judgment of the district court of Rice county awarding to him a return of the property and

damages, or that there had been a breach of the conditions of the redelivery bond. Until this is done surely no cause of action had accrued upon the redelivery bond.

For this error the judgment of the district court is reversed, and the cause remanded for a new trial.

All the Judges concurring.