[No. 2712.   Decided December 8, 1897.]

J. D. LOWMAN *et ux., Appellants,* v. D. W. WEST *et al.; Respondents.*

UNLAWFUL DETAINER — LIABILITY ON BOND STAYING RESTITUTION — RELEASE OF SURETIES BY AMENDMENT OF PLEADING — BY GIVING SUPERSEDEAS BOND — BY GIVING ADDITIONAL SECURITY.

The bond given by defendants in an action of unlawful detainer, for the purpose of staying the execution of a provisional writ of restitution against them, is not superseded and rendered nugatory by a subsequent supersedeas bond given by defendants on appeal from a judgment against them.

An amendment of the complaint in an action of unlawful detainer, subsequent to the giving of a bond to stay restitution pending the action, will not release the sureties upon the bond, when the amendment in nowise prejudices the sureties, and is made for the purpose of correcting an imperfection in the pleading, without changing the cause of action or introducing a new one.

The giving by defendants in an action of unlawful detainer of a second bond to stay restitution will not operate as a release of the sureties upon a prior bond, when such second bond is given for the purpose of additional security, and is ordered under the statutory provision permitting the court to increase the security required of defendants who remain in possession pending the action.

Appeal from Superior Court, King County.—Hon. E. D. BENSON, Judge.   Reversed.

*Preston, Carr & Gilman,* for appellants:

It may be asserted as a general rule that where a party to a judicial proceeding is required at different stages thereof to give security to the adverse party, such as bonds, under-

takings, etc., the second bond or undertaking does not discharge the first, even though conditioned for the performance of the same act or the payment of the same sum. The obligee in the different bonds may exercise his option as to which of the various securities he will avail himself of. *Becker v. People,* 45 N. E. 500; *Chester v. Broderick,* 15 N. Y. Supp. 353; *Church v. Simmons,* 83 N. Y. 261; *Babbitt v. Finn,* 101 U. S. 7; *Dolby v. Jones,* 2 Dev. Law, 109; *Ashby v. Sharp,* 1 Litt. 156; *Swartz v. English,* 44 Pac. 1004; *State v. McGlothlin,* 16 N. W. 137; *Williams v. Robison,* 21 Iowa, 498; *Jordan v. Woollen Co.,* 106 Mass. 571.

Did the filing of an amended complaint release the sureties on the bond given before the amendment was made? The law does not contemplate that the surety on such a bond shall have any control over the proceedings; his obligation is entered into subject to the law which permits amendments, and the amendment of a pleading will not discharge a surety. *Helt v. Whittier,* 31 Ohio St. 475; *Christal v. Kelly,* 24 Hun, 155; *Bailey v. Rosenthal,* 56 Mo. 385; *Townsend National Bank v. Jones,* 151 Mass. 454.

The giving of the additional bond on the application of the plaintiff for increased security in no way affected the first bond given. *Smith v. Whitten,* 23 S. E. 320; *Wing v. Rogers,* 138 N. Y. 361.

*P. P. Carroll (Hoyt & Root,* of counsel), for respondents.

The opinion of the court was delivered by

GORDON, J.—Appellants herein, in the month of December, 1892, commenced an action of unlawful detainer against the respondents Jones and West and their subtenants, to recover for rent due, and also the possession of

the premises. A provisional writ of restitution issued upon plaintiffs' application, pursuant to section 10 of the act of March 7, 1891 (Session Laws 1891, p. 183; Bal. Code, § 5534), and the respondents West and Jones, for the purpose of retaining possession, executed to the plaintiffs in that action (appellants herein) a bond in accordance with the provisions of section 11 of that act (Bal. Code, § 5535), and conditioned as required by law. After a demurrer to the complaint had been overruled the cause proceeded to trial, and resulted in a judgment for plaintiffs, from which an appeal was prosecuted to this court. The judgment was reversed and the cause remanded with direction to permit the complaint to be amended. See *Lowman v. West*, 8 Wash. 355 (36 Pac. 258).

The cause having gone down, the plaintiffs amended their complaint and applied to the court to increase the amount of the bond required of defendants for the purpose of staying the execution of the provisional writ of restitution. Upon the hearing of such application the court ordered West and Jones to execute a good and sufficient bond in the sum of $2,000, or, " in default of the proper giving of such bond an alias writ of restitution issue herein in favor of the plaintiffs for the possession of the real property mentioned in the plaintiffs' complaint."

Thereafter Jones and West, instead of giving a bond for $2,000, filed a so-called additional bond of $500, which last mentioned bond recites:

" And, whereas the said West and Jones have heretofore on, to-wit, the 29th day of December, 1892, filed herein their bond with sureties for $1,500 conditioned as required by law for the purpose of enabling them to retain the possession of the said lands during the pendency of this action; And, whereas, the above entitled court did heretofore on, to-wit, the 4th day of May, 1893, upon the motion of the plaintiffs, by its order require the said defend-

ants West and Jones *to increase their said bond in an additional sum of $500,"* and is otherwise conditioned as required by law; and also contains the following stipulation:

" It is further stipulated between the principals in this bond and H. C. Bollong, one of the sureties on this bond, who is also a surety upon the bond for $1,500 above referred to, and the plaintiffs J. D. Lowman and Mary R. Lowman his wife, that the making and delivery of this bond shall in nowise affect their obligation upon said bond for $1,500 above referred to, and that the said bond shall remain in full force and effect the same as though this bond had not been made."

Thereafter the cause proceeded to trial and resulted in a verdict and judgment in plaintiffs' favor for the sum of $2,900, no part of which has been paid excepting the sum of $135.50. No appeal was taken from this judgment and it remains in full force.

The present action was instituted upon the original bond for $1,500, which, as above noticed, was executed for the purpose of enabling defendants in the original action to retain possession of the premises during its pendency. Three affirmative defenses were pleaded in the answer: (1) that the principal and sureties were released by the giving of the stay bond on the former appeal; (2) that the amendment of the complaint to conform to the direction of this court operated to release the sureties; and (3) that by giving the additional bond for $500 above referred to the sureties were released. Judgment upon the pleadings in favor of all of the defendants was rendered by the lower court, and it is from that judgment that this appeal was taken.

First, then, was the liability of the sureties upon the bond now in suit affected by the giving of the "stay bond" on appeal to the supreme court. This is the main question in the case, and the position taken by the respondents is that the appeal bond superseded and took the place of the or-

iginal bond. The condition of the bond in suit is that West and Jones shall well and truly pay to the plaintiffs "such sum or sums as the plaintiffs or either of them may recover in said action for the use and occupation of the premises or for any rent which may be found due therefor," etc. Now, the action terminated in a judgment in favor of the plaintiffs, and with the entry of such judgment a cause of action arose in their favor upon the bond. The liability upon the bond was fixed and established by the judgment in the original action. The statute (Laws 1893, p. 122, § 7; Bal. Code, §6506) relating to bonds on appeal in the supreme court, where the bond is intended to stay the judgment, requires that it shall be

" conditioned that the appellant will satisfy and perform the judgment or order appealed from in case it shall be affirmed, and any judgment or order which the supreme court may render or make, or order to be rendered or made by the superior court, and (where such condition is applicable) shall pay all rents of or damages to property accruing during the pendency of the appeal, out of the possession of which any respondent shall be kept by reason of the appeal."

The reversal of the former judgment did not terminate the action. The effect of the reversal was to leave the parties in the same position they were in prior to the first appeal. If respondents' position is correct, appellants were without security after the appeal was decided, and the possession of the respondents thereafter was not by virtue of any bond or undertaking on their part for the payment of rent or damages.

We think the law does not sustain the position respondents have taken. Upon principle the cases of *Swartz v. English*, 4 Kan. App. 509 (44 Pac. 1004), and *State v. McGlothlin*, 61 Iowa, 312 (16 N. W. 137), are somewhat analogous. In the former it was held that the sureties upon

a redelivery bond in an action of replevin were not released by defendants giving a bond on appeal from the judgment in that action. The reasoning of the court is that by signing the redelivery bond they became security to the plaintiff for a return of the property, that the giving of the bond on appeal was not the act of the plaintiff or made with his assent; and the same is true in the present case.

In *State v. McGlothlin, supra,* it was held that

" A delivery bond, executed to the sheriff to procure the release of property attached, remains in full force until the conditions therein stated are performed, notwithstanding an appeal has been taken and a supersedeas bond given."

See, also, *Becker v. People,* 63 Ill. App. 333; *Shannon v. Dodge,* 18 Colo. 164 (32 Pac. 61).

The authorities cited by the respondents to the effect that any change to the detriment of the condition of a surety discharges him when made without his consent, are, we think, not at all in point.

2. Nor do we think that by filing an amended complaint the sureties were released. The amendment was for the purpose of correcting an imperfection in the pleading. It did not change the cause of action or introduce a new one. The action continued to be an action to recover possession of real premises and rent, etc. The amendment in no wise prejudiced the sureties on the bond, and we perceive no good reason why a new bond should be required every time an amendment to a complaint is permitted to be made.

3. The giving of the additional bond for $500 did not release the sureties. The statute (Laws 1891, p. 189, § 12; Bal. Code, § 5536) provides that the court may increase the security required of defendants remaining in possession pending the action, and the bond recites that it is intended as *additional security.* The whole import is that it is to stand as additional security, and no prejudice could

result to the sureties on the former bond in consequence of the giving of this additional one. We think there is no merit in the position taken by the respondents. By virtue of the bond in this case they were enabled to retain possession of valuable premises for a considerable period of time. Their undertaking was that they would respond to the appellants for such damages not exceeding the sum of $1,500 as might accrue to them by reason of that possession. The amount of the damages has been ascertained. All parties appear to be satisfied with it. No appeal has been prosecuted therefrom. A breach has occurred, and upon the plainest principles of justice and fair dealing the respondents must make their undertaking good.

The judgment must be reversed and the cause remanded for further proceedings in accordance herewith.

Scott, C. J., and Dunbar, Reavis and Anders, JJ., concur.