# TITLE GUARANTY & SURETY COMPANY *v.* UNITED STATES, TO THE USE OF GENERAL ELECTRIC COMPANY.

### ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE THIRD CIRCUIT.

No. 856. Submitted November 20, 1911.—Decided January 9, 1912.

Section 1007, Rev. Stat., makes the allowance of a writ of error, and the lodgment thereof in the office of the clerk within sixty days after date of judgment, an essential prerequisite to the granting of a supersedeas. Nothing in § 6 or § 11 of the Judiciary Act of 1891 affects the provisions of § 1007, Rev. Stat., in this respect.

An order cannot control a subject to which it cannot lawfully extend; and a stay order, granted to give the defeated party an opportunity to apply to this court for certiorari, does not operate to extend the time within which the writ of error must be lodged in order to be the basis for a supersedeas.

There is a difference between a stay order for purposes of rehearing, which prevents a judgment from becoming final, and one granted to enable an application to be made for certiorari which does not prevent the judgment from becoming final.

THE facts are stated in the opinion.

*Mr. Louis Barcroft Runk* and *Mr. H. B. Gill* for defendant in error in support of the motion.

*Mr. Russell H. Robbins* and *Mr. James F. Campbell* for plaintiff in error in opposition thereto.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

The motion to vacate the supersedeas must prevail.

Although the writ of error was allowed and was lodged in the office of the clerk more than six months after the entry of the judgment, the bond was approved to operate as a supersedeas. Under these circumstances it is ap-

VOL. CCXXII—26

parent that the order for supersedeas was improvidently granted. No other conclusion is possible in view of § 1007, Rev. Stat., making the allowance of a writ and the lodgment of the same in the office of the clerk within sixty days after the date of a judgment an essential prerequisite to the granting of a supersedeas. *Western Construction Co.* v. *McGillis,* 127 U. S. 776; *Covington Stock Yards Co.* v. *Keith,* 121 U. S. 248; *Sage* v. *Central R. R. Co.,* 93 U. S. 412; *Kitchen* v. *Randolph,* 93 U. S. 86.

It is, nevertheless, insisted, First, that this case is not within the rule, because as the Judiciary Act of 1891 (March 3, 1891, c. 517, 26 Stat. 826) by the sixth section allows one year for the prosecution of error from this court to the judgments of the Circuit Court of Appeals and in express terms fixes no period for the allowance of a supersedeas, therefore, as the supersedeas was allowed within the year, it was in time. This, however, ignores the provision of § 11 of the act of 1891, as follows: "And all provisions of law now in force regulating the methods and system of review, through appeals or writs of error, shall regulate the methods and system of appeals and writs of error provided for in this act in respect of the circuit courts of appeals, including all provisions for bonds or other securities to be required and taken on such appeals and writs of error, . . ." *Hudson* v. *Parker,* 156 U. S. 277, 282. Nor would a different result arise from the concession argumentatively that from a consideration of the context of § 11 of the act of 1891 the passage which we have quoted should be restricted to writs of error from the Circuit Courts of Appeals to inferior courts and to appeals from such courts to the Circuit Courts of Appeals. Nothing is contained in the act of 1891 regulating the time when an appeal from a Circuit Court of Appeals to this court or a writ of error from this court to such courts must be taken in order to operate as a supersedeas. The general pro-

vision of Rev. Stat. § 1007 under the hypothesis stated would therefore be applicable. It thus results that the mistake in allowing the supersedeas in the case which is before us is equally demonstrated by the correct application of the act of 1891 as well as by yielding to the erroneous construction of that act which is pressed in argument. Second. After the entry of the judgment in the Circuit Court of Appeals a stay order was entered in that court to afford an opportunity of applying to this court for a writ of certiorari, and such application was made and refused. Upon this premise the argument is that as the writ of error was allowed and lodged with the clerk within sixty days after the refusal by this court of the petition for certiorari, therefore, even under the assumption that § 1007 applied, there was power to allow the supersedeas. But no power in this court to allow a certiorari under the act of 1891 exists in a case where there is authority to review the action of the lower court by error or appeal. This being true, it follows that the contention is that the granting of the stay order to enable a certiorari to be applied for operated to change the statutory time fixed for allowing a supersedeas on error or appeal, although such subject could not have been lawfully contemplated as being within the scope of the stay order. In other words, the argument comes to this, that the stay order embraced and controlled a subject to which it could not lawfully extend. And this consideration at once serves to mark the distinction between the operation of a stay order granted for the purposes of a pending application for rehearing, since the pending of a rehearing operates to prevent the judgment or decree from becoming final, for the purpose of error or appeal, until the application is disposed of.

As it results that the supersedeas was improvidently allowed, our order must be and is,

*Supersedeas vacated.*