[No. 10733.   Department Two.   October 7, 1913.]

J. N. GLOVER *et al.*, *Plaintiffs and Appellants*, v. FIDELITY AND DEPOSIT COMPANY, *Defendant and Appellant*.[1]

LANDLORD AND TENANT—UNLAWFUL DETAINER—BONDS FOR RETENTION OF PREMISES—LIABILITY ON BOND—RENT—STATUTES—CONSTRUCTION. Liability under a bond in unlawful detainer, given by defendant to retain possession, and conditioned as required by statute, extends to any rent found due, and not merely to the rent that may accrue subject to the giving of the bond, under Rem. & Bal. Code, § 827, providing that a tenant guilty of unlawful detainer shall be liable for twice the amount of damages suffered by the plaintiff by reason of the unlawful detainer and of the rent due, and Id., § 820, providing that a bond to retain possession shall be conditioned to pay the plaintiff such sum as the plaintiff may recover for the use and occupation of the premises "or any rent found due," together with all damages sustained by reason of the defendant occupying or keeping possession of the premises.

Cross-appeals from a judgment of the superior court for Spokane county, Hinkle, J., entered May 27, 1912, upon

[1]Reported in 135 Pac. 486.

findings in favor of the plaintiffs, in an action on contract, tried to the court. Modified on plaintiffs' appeal.

*H. M. Stephens*, for plaintiffs.

*Danson, Williams & Danson* (*George D. Lantz*, of counsel), for defendant.

MAIN, J.—The purpose of this action is to recover upon a surety bond. On September 28, 1911, the plaintiffs commenced an action against Agnes Murphy for the unlawful detention of certain premises. Thereupon a writ of restitution was issued. For the purpose of preventing the execution of the writ, a bond was executed by Agnes Murphy, as principal, and the Fidelity & Deposit Company of Maryland, a corporation, as surety. The bond was in the sum of $3,-500, and was conditioned that there would be paid such sum as might be recovered for the use and occupation of the premises, or the rent found to be due, together with all damages by reason of the occupying or keeping possession of the premises; and all costs in the action. Subsequently, the court made an order requiring further and additional security. This order was not conformed to. Thereafter an alias writ of restitution was issued, and by virtue thereof Agnes Murphy was ejected from the premises and the plaintiffs put into possession on December 7, 1911. In due time the cause came on for trial, at the conclusion of which the court found the amount of rent due to be the sum of $5,061.50. On December 29, 1911, judgment was entered for $10,123, with costs. No part of that judgment has been paid. By the judgment, rent was recovered up to the time of the execution of the writ of restitution, to wit: December 7, 1911.

The present action was begun for the purpose of recovering upon the bond, and was tried to the court without a jury. At the conclusion of the trial, judgment was entered for double the amount of the rent accruing between the date of the bond, to wit, October 3, 1911, and December 7, 1911; the latter date being the date when the plaintiffs acquired

possession of the premises. The rent for this period of time amounted to $1,387.28. Judgment was entered for double this amount, or $2,774.56, with interest thereon from December 7, 1911, together with plaintiffs' costs in the action in which the bond was given, in the sum of $23.70; and also costs in the present action. Both the plaintiffs and the defendant appeal.

To avoid confusion, the designation of the parties as plaintiffs and defendant will be continued. The defendant claims that the judgment should have been entered for $1,387.28, the amount of the rent which accrued between October 3d and December 7th; and that it was error to render judgment for double that sum. The plaintiffs contend that it was error not to enter a judgment for the full amount of the bond. In other words, that the defendant is liable to the extent of the amount of the bond, not only for the rent that accrued subsequent to the time when it was given, but also the rent that had accrued prior to that time. The question to be determined is: What was the extent of the surety's liability on the bond?

Section 827, Rem. & Bal. Code (P. C. 81 § 1427), defines the liability of the tenant who has unlawfully detained possession of the premises. It is there provided:

"The jury, or the court if the proceedings be tried without a jury, shall also assess the damages occasioned to the plaintiff by any forcible entry, or by any forcible or unlawful detainer, alleged in the complaint and proved on the trial, and if the alleged unlawful detainer be after default in the payment of rent, find the amount of any rent due, and the judgment shall be rendered against the defendant guilty of the forcible entry, forcible detainer, or unlawful detainer for twice the amount of damages thus assessed and of the rent, if any, found due. . . ."

The penalty in the form of double rent and double damages imposed by this statute is not for the nonpayment of rent, but is for the refusal to surrender the possession on the termination of the tenancy. In *Hinckley v. Casey*, 45 Wash. 430, 88 Pac. 753, in construing the statute, it was said:

"The plain reading of the statute is that the court or jury shall assess the damages, and find the amount of rent due, if the action is prosecuted for the nonpayment of rent, and that the court shall thereupon double the amount of the damages and rent. The construction contended for by the defendants disregards both the letter and the spirit of the statute. The penalty is not imposed for the nonpayment of rent, as the defendants suggest. If it were, the act could not be sustained on constitutional grounds. The penalty is imposed for the refusal to surrender possession on the termination of the tenancy, whether it be terminated by the terms of the lease for nonpayment of rent, or for any of the other causes specified in the statute."

In the present case, there was no claim for damages aside from rent. But notwithstanding this fact, it would come within the scope of this statute. In *O'Connell v. Arai*, 63 Wash. 280, 115 Pac. 95, it is said: "In this case no damages were claimed aside from the rent, and the case falls squarely within the statute." Under the statute as construed in these cases, the duplicate rent is allowed as damages for the withholding of possession of the premises.

Rem. & Bal. Code, § 820 (P. C. 81 § 1413), provides that the defendant or those in possession of the premises may execute a bond after the writ of restitution has been served, and retain possession of the premises. It is there provided that the bond shall be "conditioned that they will pay to the plaintiff such sum as the plaintiff may recover for the use and occupation of the said premises, or any rent found due, together with all damages the plaintiff may sustain by reason of the defendant occupying or keeping possession of said premises, and also all the costs of the action." The bond on which the present action is predicated was conditioned substantially in the language of the statute. The liability on the bond must therefore be measured by this statute. The statute imposes a liability for "any rent found due," not for the rent that may accrue subsequent to the giving of the bond. And in addition thereto, the liability is for all damages the plain-

20—75 WASH.

tiff may sustain by reason of the defendant occupying or keeping possession of the premises. The clause in the statute, "by reason of the defendant occupying or keeping possession of the premises," limits the damages that may be recovered, but does not qualify the preceding clause as to the rent. In the unlawful detainer case, the amount of rent found due was $5,061.50. The amount of the bond was $3,500. The liability of the bond being for the rent which accrued prior to the time it was given as well as subsequently, judgment should have been entered for the full amount of the bond.

The cause will be remanded with directions to the superior court to modify the judgment in accordance with the views herein expressed.

CROW, C. J., ELLIS, and MORRIS, JJ., concur.