ROBERTS v. KENDRICK.†

(Circuit Court of Appeals, Fifth Circuit. March 12, 1914.)

No. 2598.

APPEAL AND ERROR (§ 459*)—SUPERSEDEAS—ANNULMENT—GROUNDS—WRIT OF ERROR—FILING.

Where a writ of error was not sued out and lodged in the trial court within 60 days of the date of the judgment, plaintiff in error was not entitled to a supersedeas.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2218-2221; Dec. Dig. § 459.*]

In Error to the District Court of the United States for the Northern District of Georgia; Wm. T. Newman, Judge.

Action by A. F. Kendrick against Columbus Roberts. Judgment for plaintiff and defendant brings error. On motion to dissolve supersedeas. Granted.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

† For opinion on motion to recall mandate and vacate order, see 211 Fed. 1024.

M. F. Goldstein, Arthur G. Powell, and John D. Little, all of Atlanta, Ga., for plaintiff in error.

Thomas T. Miller, of Columbus, Ga., Clifford L. Anderson and Daniel W. Rountree, both of Atlanta, Ga., and Wm. C. Dufour and H. Generes Dufour, both of New Orleans, La., for defendant in error.

Before PARDEE and SHELBY, Circuit Judges, and MAXEY, District Judge.

PER CURIAM. The transcript shows that judgment was rendered on May 10, 1913, a motion for a new trial was overruled and refused July 17, 1913, and thereafter a writ of error was allowed on November 8, 1913, as follows:

"On consideration whereof the court does allow and grant the writ of error, upon the defendant giving bond and security in the sum of $7,000; and upon the giving of said bond in said sum when it is approved by the court, the judgment herein rendered in favor of the plaintiff against the defendant shall be suspended, and supersedeas will be granted until the determination of said writ of error by the United States Circuit Court of Appeals for the Fifth Circuit."

The defendant in error on due notice moves to dissolve the supersedeas so granted, on the ground that the writ of error was not sued out and lodged in the court below within 60 days from the date of the judgment, and we are satisfied that the same should be granted upon the authority of Kitchen v. Randolph, 93 U. S. 86, 92, 23 L. Ed. 810; Sage v. Central R. R. Co., 93 U. S. 417, 23 L. Ed. 933; Title Guaranty Co. v. United States, 222 U. S. 401, 32 Sup. Ct. 168, 56 L. Ed. 248.

It is therefore ordered and adjudged that the supersedeas granted in this case on November 8, 1913, be and the same is hereby vacated and annulled. Mandate to that effect may issue.