[No. 14070. Department One. August 14, 1917.]

PETER MORRISON *et al.*, *Respondents*, v. FIDELITY & DEPOSIT COMPANY OF MARYLAND, *Appellant*.[1]

FORCIBLE ENTRY AND DETAINER—REDELIVERY BOND—LIABILITY. In forcible entry and detainer, the surety is bound by judgment for the plaintiffs, under a redelivery bond given to enable defendant to retain possession, conditioned to pay the plaintiffs any sum found due and also all costs of the action.

SAME—APPEAL—STAY BOND. Under Rem. Code, § 832, an appeal will not stay proceedings in forcible entry and detainer unless a bond is given to pay all rent and other damages pending the appeal.

SAME—REDELIVERY BOND—LIABILITY—ACTIONS. Where the judgment in forcible entry and detainer was not stayed and execution against the defendant was returned *nulla bona*, action may be brought against defendant's sureties on his redelivery bond, notwithstanding the pendency of an appeal.

APPEAL—SUPERSEDEAS—WRIT OF ERROR—LIMITATIONS — POWER OF SUPREME COURT. A writ of error to the United States Supreme Court does not operate as a supersedeas in any case, under U. S. Rev. St., § 1007, when not sued out within sixty days after the decision appealed from, and the state supreme court cannot grant a supersedeas after the right is lost by lapse of time.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered September 27, 1916, upon findings in favor of the plaintiffs, in an action on redelivery bonds, tried to the court. Affirmed.

*Danson, Williams & Danson* and *Skuse & Morrill*, for appellant.

*Voorhees & Canfield*, for respondents.

CHADWICK, J.—On the 13th day of April, 1914, respondents brought several actions for the recovery of the possession of several parcels of real estate situate in Spokane county. The several defendants who had forcibly entered filed redelivery bonds and kept possession pending a trial in

[1]Reported in 166 Pac. 1122.

the superior court and an appeal to this court, where, in a test case (*Morrison v. Gunning*, 91 Wash. 693, 157 Pac. 1199), respondents "prevailed. No supersedeas bond was filed on appeal.

The opinion of this court was filed on May 18, 1916. A petition for rehearing was denied on July 7, 1916. On December 5, 1916, and more than sixty days thereafter, a writ of error to the supreme court of the United States was sued out. The case has not yet been determined in that court. To the suit of respondents on the bonds, the surety, appellant here, answered, setting up the same defenses urged by its several principals in the forcible entry and detainer actions, which, briefly stated, are that the land was public land of the United States and subject to entry, and that the several defendants are qualified as homesteaders under the homestead law. The court below made findings and conclusions denying the legal effect of appellant's pleas, and entered judgment in favor of respondents.

The briefs discuss the merit of the case, but the engagement of the appellant is such that it is barred to raise any questions of fact or law which were considered in the case of *Morrison v. Gunning, supra.*

The condition of the bond is as follows:

"Now, therefore, if the said above bounden H. J. Gunning and Nellie Gunning will pay to said Peterson Morrison and Agnes Morrison, plaintiffs in said action, such sum as they may recover for the use and occupation of said premises, or any rent found due together with all damages they, said plaintiffs, may sustain by reason of the defendants occupying or keeping the possession of said premises, and also all costs of said action, then these obligations to be null and void, otherwise to be and remain in full force and effect."

The liability of the appellant to pay the judgment against the principal defendants is fixed and cannot be now inquired into.

See, also, *Larson v. Deering, ante* p. 616, 166 Pac. 1119; *Costello v. Bridges*, 81 Wash. 192, 142 Pac. 687, L. R. A.

1915A 853; *Glover v. Fidelity & Deposit Co.*, 75 Wash. 606, 135 Pac. 486; *Lowman v. West*, 18 Wash. 233, 51 Pac. 373; *Hall & Paulson Furniture Co. v. Schmidt*, 7 Wash. 606, 35 Pac. 424.

Upon oral argument, appellant makes the further contention, suggested but not argued in the briefs, that, under our constitution and the statutes of this state, as well as the Federal practice, the case now on writ of error to the United States supreme court is still pending and that a liability will not be enforced, either by execution against the principals or by suit against appellant, until the case is disposed of by the supreme court, and that the judgment roll in the former case cannot be introduced in this case.

It is expressly provided that an appeal will not stay proceedings in forcible entry and detainer cases unless a bond is given to pay all rent and other damages pending the appeal. Rem. Code, § 832. The appeal is allowed as in other actions. A supersedeas in other civil actions may be had by following the directions outlined in Rem. Code, §§ 1722, 1726, 1727.

If execution will lie against the principal, suit will lie on the bond. The execution in this case was returned *nulla bona*. The former case was ripe for execution and there was nothing to bar the satisfaction of the judgment at the time this action was begun, and there is nothing in the way now unless the bond given under the Federal practice when the writ of error was sued out is in time and in form and fact a supersedeas bond; for it is provided in the U. S. Rev. Stats., § 1007, that a writ of error to the United States supreme court does not operate as a supersedeas in any case unless sued out within sixty days after the decision is appealed from. That this was not filed in time, the record shows.

Upon the authority of the statute, U. S. Rev. Stats., § 1007 (U. S. Comp. Stats., § 1666), and the following cases, it is not within the power of this court to grant a supersedeas, either by leave to file or by construction, after the right is

lost by lapse of time. *Title Guaranty & Surety Co. v. United States, To Use of General Electric Co.*, 222 U. S. 401; *Wallen v. Williams*, 7 Cranch 278; *Kitchen v. Randolph*, 93 U. S. 86; *Saltmarsh v. Tuthill*, 12 How. 387; *Railroad Co. v. Harris*, 7 Wall. 574; *New England R. Co. v. Hyde*, 101 Fed. 397; *Roberts v. Kendrick*, 211 Fed. 970; *Robinson v. Furber*, 189 Fed. 918; Black, Judgments (2d ed.), § 510, note 39.

The judgment is affirmed.

ELLIS, C. J., MORRIS, MAIN, and FULLERTON, JJ., concur