LOWE, Respondent, v. HELMER, Appellant.

(210 N. W. 737.)

(File No. 5733.   Opinion filed November 20, 1926.)

**1.  Attachment.**

Evidence held to sustain finding that attached automobile did not belong to intervener.

**2.  Appeal and Error.**

Jury's finding of fact supported by substantial evidence will not be disturbed.

---

Note.—See. Headnote (1), American Key-Numbered Digest, Attachment, Key-No. 308(4), 6 C. J. Sec. 907; (2) Appeal and error, Key-No. 1001(1), 4 C. J. Sec. 2834.

Appeal from Municipal Court of Sioux Falls; Hon. D. J. Conway, Judge, pro tem.

Action by W. V. Lowe against M. J. Helmer, wherein R. W. Helmer intervened, claiming attached property. From a judgment against intervener, and an order denying a new trial, he appeals. Judgment and order affirmed.

*Mundt & Mundt* and *Tom Kirby,* all of Sioux Falls, for Appellant.

*G. Norton Jameson,* of Sioux Falls, for Respondent.

MORIARTY, C.  The respondent brought suit on money demand against the defendant, M. J. Helmer. Under a warrant of attachment issued in the action, the sheriff levied on a certain automobile as the property of M. J. Helmer. The appellant, R. W. Helmer, is a brother of M. J. Helmer. He claimed the automobile levied upon as his property. This claim was first submitted to a sheriff's jury, which found that the car was the property of M. J. Helmer. Thereafter, R. W. Helmer was permitted to intervene in the action, and, in his complaint in intervention, he alleges that he is the owner of the car and asks that he be adjudged to be such owner.

The case was tried to a jury before Hon. D. J. Conway, acting as municipal judge in lieu of Hon. Ransom L. Gibbs, disqualified. The jury returned a verdict finding the defendant M. J. Helmer to be the owner of the car.

From a judgment entered in accordance with this verdict and from an order denying a new trial, this appeal is taken.

[1] While appellant presents several assignments of error, these assignments really present only one question: viz., the sufficiency of the evidence to support the verdict. The evidence is only slightly conflicting, and that upon which respondent's case depends is as follows:

About September 21, 1923, appellant came to the place of business of the Wilson-Barber Company, in Sioux Falls, and Mr. Wilson of that firm demonstrated the car in controversy to him. M. J. Helmer called for the car and gave his note for the purchase price. M. J. Helmer applied for the license for the car and signed and swore to the application, stating that he was the owner.

The license was issued to him. Both M. J. Helmer and the appellant used the car. The license was never changed. On the 21st day of November, 1923, the note given for the purchase price of the car was paid by a check for $1,510 issued by Charnock's, Incorporated, in favor of the Wilson-Barber Company. This check was issued to pay an insurance loss payable to the National Crushed Stone Company, of which M. J. Helmer was president.

Intervener testified that he was one of the creditors of the Crushed Stone Company, but he did not state the amount due him as such creditor. Harley B. Charnock, who issued the check, testified that he issued it on the order of M. J. Helmer to take up the note given for the car. He also testified that appellant had money coming to him from the Crushed Stone Company, but did not state what amount. He testified that M. J. Helmer had turned over to Charnock's, Incorporated, the money due the Crushed Stone Company, with instructions to pay it out to creditors of the company.

On November 21st, the day the note was paid, M. J. Helmer signed a purported bill of sale transferring the title of the car to appellant. As to this bill of sale, appellant testified that it was given to him because he intended to take the car into Minnesota and wanted to have proof of his ownership. This instrument was never filed. It is admitted that no consideration passed for the execution of this instrument, the contention being that appellant owned the car at all times after its purchase from the Wilson-Barber Company. Both brothers used the car after the execution of this instrument in the same way as before. On November 26th, when the levy was made, M. J. Helmer was in possession of the car.

[2] While appellant testified to certain transactions and undertakings between his brother, M. J. Helmer, and himself, and this evidence might be construed as an admission by M. J. Helmer that appellant owned the car, the evidence which we have detailed was before the jury. This evidence the jury had a right to believe, in preference to that given on behalf of the appellant.

These facts constitute substantial evidence to support the verdict, and this court will not disturb a verdict so supported.

The judgment and order appealed from are affirmed.