LOWE, Respondent, v. SOUTHERN SURETY COMPANY, Appellant.

(227 N. W. 78.)

(File No. 6675.   Opinion filed October 15, 1929.)

*Mundt & Mundt,* of Sioux Falls, for Appellant.

*G. Norton Jameson,* of Sioux Falls, for Respondent.

FULLER, C.   Respondent's assignor, W. V. Lowe, commenced an action for debt against M. J. Helmer as defendant.   In that action the plaintiff seized a Reo automobile under attachment, as the property of the defendant.   Thereupon R. W. Helmer, appellant here, intervened and alleged ownership of the car in himself.   The issue created by his claim of ownership was resolved against him, and from a decision which adjudicated the automobile to be the property of the defendant, M. J. Helmer, the intervener, R. W. Helmer, unsuccessfully appealed to this court.   Lowe v. Helmer, 50 S. D. 516, 210 N. W. 737.   When R. W. Helmer intervened, as aforesaid, to assert ownership of the car, he gave the sheriff, who held the car under attachment against M. J. Helmer, a bond conditioned in substance that he and his surety, the Southern Surety Company, would "pay all costs that may be awarded against your said intervener, R. W. Helmer, or M. J. Helmer, and all damages which may be awarded against your intervener, R. W. Helmer, or M. J. Helmer, and any judgment which the said W. V. Lowe may recover against your intervener, R. W. Helmer, or M. J. Helmer, by reason of the intervention of your intervener," etc.

Upon delivery of the bond, the sheriff released the automobile to the intervener, R. W. Helmer.   After judgment against him, finding the car to be the property of the attachment debtor, M. J. Helmer, the intervener, R. W. Helmer, gave a supersereas bond on his appeal to the Supreme Court.   After affirmance of the judgment below, this action was commenced by Oma I. Lowe, as the assignee of W. V. Lowe, against the Southern Surety Company, upon the release bond first given to recover the amount due on the judgment rendered against R. W. Helmer, and affirmed on appeal.   From a judgment allowing plaintiff the relief demanded, the surety company appeals.

It is first to be noted that, where property of a defendant has been seized by attachment in an action against him, there is no statutory practice for the release of the attached property, by the sheriff, to one subsequently intervening in the action, nor provision of statute for the execution of any bond by such intervener to accomplish the delivery of the attached property to him.   Accordingly the bond in this case is not a statutory bond.   Appellant,

therefore, contends that the bond sued upon, given by R. W. Helmer as intervener in the first action to procure the delivery of the automobile to him pending litigation, was exacted by the sheriff without authority of law, and is null and void, and our attention is directed to the text declaration of 2 R. C. L. 886, that: "A bond exacted by an officer in an attachment case without authority of law is null and void."

Examining the source from which the foregoing is taken, we observe that the cases (Benedict v. Bray, 2 Cal. 251, 56 Am. Dec. 332) deal with bail illegally taken by a sheriff (Harris v. Simpson, 4 Litt. (Ky.) 165, 14 Am. Dec. 101, 103), or with bonds literally exacted and required by a court acting without its jurisdiction (Caffrey v. Dudgeon, 38 Ind. 512, 517, 10 Am. Rep. 126), and that the rule is not applicable where the bond was given in a matter of which the court has jurisdiction (Butler v. Wadley, 15 Ind. 502, 507). Neither the quoted text of Ruling Case Law, nor the cases from which it derives, are applicable here. The bond was not exacted or acquired through the official duress of any officer or magistrate. It was voluntarily given, for a consideration not prohibited by statute, and for a purpose not malum in se.

■ Conclusive of the appellant's contention is the general rule that a bond, whether required by statute or not, if entered into voluntarily and for a valid consideration, not repugnant to the letter or policy of the law, is good at common law. Whitsett v. Womack, 8 Ala. 466, 475. Palmer v. Vance, 13 Cal. 553, 557; annotations, 14 Am. Dec. 105; and see, especially, Todd v. Gordy, 29 La. Ann. 498, 501; 9 C. J. 29; Lyman County v. Whitbeck, 54 S. D. 317, 223 N. W. 204.

■ An argument is also based on the fact that, when the intervener, R. W. Helmer, appealed to the Supreme Court, he gave a supersedeas bond, executed by the Southern Surety Company—a bond subsequently replaced by a like bond of other sureties. Appellant contends that the supersedeas bond, by mere operation of law, became a substitute for and discharged the sureties upon the delivery bond here placed in suit. Of this contention we find no support in the authorities. On the contrary, it is clear that the bond given by the intervener to procure a release of the attached property, and the supersedeas bond given by him on appeal, are distinct obligations. As each of these bonds provided for payment of any

judgment rendered against this appellant, it follows that plaintiff had the right to resort to either bond for the satisfaction of his judgment. Fidelity & Dep. Co. v. Bowen, 123 Iowa, 356, 98 N. W. 897, 900, 6 L. R. A. (N. S.) 1021. Appellant as surety on the release or delivery bond, was not discharged from obligation or liability thereunder by the giving of the supersedeas bond on appeal. State v. McGlothlin, 61 Iowa, 312, 16 N. W. 137; Loman v. West, 18 Wash. 233, 51 P. 373, 375; Mishler v. Edmunson, 92 Or. 347, 180 P. 934, 935; Campbell v. Lane, 2 Neb. (Unof.) 63, 95 N. W. 1043, 1044; American Surety Co. v. Hatch, 24 Ariz. 66, 206 P. 1075, 1077; Swartz v. English, 4 Kan. App. 509, 44 P. 1004; Hoyle v. Stellwagen, 30 Ind. App. 674, 66 N. E. 910, 911.

The judgment and order appealed from are affirmed.

SHERWOOD, P. J., and POLLEY, CAMPBELL, BURCH, and BROWN, JJ., concur.