W. S. HARKLEROAD v. H. B. LEONARD ET AL.

Decided February 11, 1902.

**1.—Attachment—Jurisdiction of Amount—Exemplary Damages—Sureties.**

Where in an action for damages for a wrongful attachment of property the exemplary damage claimed from the attaching creditor was a sum within the jurisdiction of the court, the plaintiff had the right to join the surety on the attachment bond and the officer levying the writ and his sureties, although the claims against them were for amounts not within the minimum jurisdiction of the court.

**2.—Same—Attorney Fees—Actual Damages.**

Where house rent, expenses, and attorney fees were pleaded as actual dam-

ages, and no exceptions were urged to the pleading, and evidence was admitted without objection to prove them, the appellate court can not say, in the absence of a statement of facts, that a case was not made bringing such items within the domain of actual damages.

**3.—Same—Damages Not Excessive—Exempt Property.**

Where the action was for wrongful attachment of household goods worth $400, which were detained from plaintiff thirty-four days, and the charges to vex, harass, and injure are undenied, the appellate court can not hold that a judgment for plaintiff for $90 actual and $500 exemplary damages should be set aside because the exemplary damages are out of proportion to the actual damages.

**4.—Same—Exemplary Damages Against Surety.**

Where the petition contains no charge of malice against the surety on the attachment bond, it is insufficient to sustain a judgment against him for anything more than actual damages.

**5.—Same—Malice of Agent.**

The malice of the agent in attaching the property will be imputed to the principal where he must have known of it,—the inventory of the goods showing them to be exempt property,—and he failed to repudiate the act of the agent.

Appeal from De Witt. Tried below before Hon. J. C. Wilson.

*Kleberg, Grimes & Baker,* for appellant.

*Davidson & Bailey* and *Price, Green & Green,* for appellee.

GILL, ASSOCIATE JUSTICE.—W. S. Harkleroad, the appellee, brought this suit against W. C. and T. M. Thrift for damages for the wrongful issuance and levy of a writ of attachment upon certain exempt household goods belonging to appellee. H. B. Leonard was made party defendant as surety on the attachment bond. William Watson, the constable who levied the writ, William Rice, F. Kunetka, and C. F. Kaiser, sureties on his official bond, were also made parties defendant. Others were also made parties defendant, but as the suit as to them was dismissed we will notice them no further.

Appellee alleged that the writ was wrongfully sued out and procured to be levied by the Thrifts maliciously and for the purpose of injuring, vexing, and harassing him, and with knowledge that the property was exempt. That Watson, the officer who levied the writ, knew the goods were exempt and made a wrongful and excessive levy. Damages actual and exemplary were prayed for as against the Thrifts and Watson. Judgment was asked against Leonard, the surety on the attachment bond, for $26, the amount of the bond. Appellee prayed judgment against the sureties on Watson's official bond for the amount thereof.

The case was tried by the court without a jury and resulted in a judgment against the Thrifts and Watson for $90.25 actual damages and $500 exemplary damages, holding Leonard on the attachment bond for $26 actual damages and the sureties of Watson for the actual damages adjudged against him. From this judgment the parties cast have appealed.

The surety on the attachment bond and the sureties on the official bond

of the constable interposed pleas to the jurisdiction of the District Court, their contention being that the sums prayed for against them and beyond which they could in no event be liable were beneath the minimum jurisdiction of the court in which the suit was brought, the sum claimed against Leonard being $26 and that claimed against the sureties of the constable being $500 and no more.

The court overruled the pleas and his action in this respect is assigned as error. It is contended on behalf of Leonard that the appellee had his right of election; that is to say, he might sue the plaintiffs in attachment on their liability independent of the bond or he might sue them and their surety on the bond as a written obligation, but that he must do one or the other, and having sued the attachment plaintiffs independent of the bond, the surety could not be joined. We do not think either contention sound. The surety on an attachment bond binds himself to be responsible for the consequences of his principal's acts if they should turn out to be wrongful. The bond creates his liability and at the same time limits it to the sum named therein. But the bond neither fixes nor limits the liability of the principal. His liability grows out of his wrongful act, and the extent of it is limited only by the amount which the facts may indicate is a just judgment against him for the consequences of his wrong. Halff v. Curtis, 68 Texas, 640.

Leonard was Thrift's surety, the extent of his suretyship being limited by the terms of the bond. Inasmuch as the defendant had nothing to do with fixing the amount of the attachment bond, it can not be held upon any sound reason that plaintiff in attachment could thus limit his liability, however disastrous to defendant the consequences might be. The attachment plaintiff is liable for the full consequences of his wrongful acts, but under the law, before he is entitled to the writ of attachment, he must indemnify the defendant with solvent sureties in at least double the amount of the debt claimed to be due.

The surety in such a case is in much the same position as a surety on a note who names the sum for which he agrees to be bound and refuses to be bound for the entire sum. In such a case, if the holder of the note found it necessary to sue, his right to join the surety could not be successfully questioned, and this without reference to whether the sum for which the surety bound himself was within the jurisdiction of the court in which the suit on the note was properly brought. The liability of the surety would be an inseparable incident of the recovery, and the court having acquired jurisdiction to render judgment on the note, would have the power to dispose of all questions incident thereto. So in this case the appellee had the right to bring his suit in the court having jurisdiction of the amount claimed and to join as defendants all parties jointly liable. Hilliard v. Wilson, 76 Texas, 180; Evans Co. v. Callahan, 69 Texas, 206; Cabell v. Shoe Co., 81 Texas, 108.

What has been said disposes of the questions raised by both sets of sureties on the subject of jurisdiction.

Under another assignment of error the judgment is assailed as unsup-

ported by the conclusions of fact. We are aware that several items of damages mentioned in the trial court's fact conclusions would not be ordinarily recoverable as actual damages, but a person guilty of a wrong is responsible to the person injured for the natural and probable consequences of his act,—for such results as might have reasonably been foreseen. There is no statement of facts in the record. The items complained of were pleaded as items of actual damage. No exception to the pleading in this respect seems to have been urged in the court below. So far as we are able to ascertain, proof was admitted to establish these items without objection. In the absence of a statement of facts we are unable to say that a case was not made which might bring the items complained of, viz., house rent, expenses and attorney's fees expended in recovering the property, within the domain of actual damages.

Appellants contend the exemplary damages awarded are so out of proportion to the actual damages recovered as to require our interferance. We can not concur in this contention. The allegations are that $394 worth of household goods were seized and withheld from the owner for thirty-four days. Their value is not found by the court, but in the absence of a statement of facts we will presume in favor of the judgment that they were worth approximately their alleged value. Had the appellee chosen to sue for conversion instead of demanding the goods themselves, his recovery of actual damages must have been much greater. When this is remembered, and it is also borne in mind that the charges of malice and the purpose to vex and harass and injure are here undenied, and the finding to that effect unassailed, the sum adjudged as exemplary damages does not appear out of proportion.

It is urged on behalf of appellant Watson that the judgment for exemplary damages against him is without pleading to sustain it. This complaint is meritorious. The petition contains no charge of malice against him and is insufficient to sustain the judgment against him for anything more than actual damages. The judgment in so far as it holds him for exemplary damages is reversed and here rendered in his favor.

The court finds as a fact that W. C. Thrift, as the agent for T. M. Thrift, maliciously sued out the writ, and in his conclusions of law imputes the malice of the agent to the principal for failure to repudiate his agent's acts. We infer from the record that the goods were in the custody of the officer for thirty-four days. Their nature as indicated by the inventory stamps them with the character of exempt property. They were evidently recovered by appellee at the end of the litigation. We must conclude therefore that the evidence showed knowledge of the facts on the part of the principal and acquiescence in the wrongful and malicious acts of his agent, and that for that reason the court imputed malice to the principal. No finding of the court is inconsistent with this presumption, and in the absence of a statement of facts it will be indulged in favor of the judgment.

Appellants assail the judgment as unintelligible. It is indeed very inartistically drawn and by no means expresses the mind of the court as

clearly as it should. But we think it fairly appears therefrom that the two Thrifts are held for the entire sum adjudged, that Watson and his sureties are held for the actual damages found, and that the liability of Leonard the surety on the attachment bond, is limited to $26, as fixed in the bond.

We have found no reversible error in the record except as to Watson. The judgment will be reversed and rendered as to him to the extent and in the respect indicated in a former part of this opinion. In all other respects it is affirmed.

*Affirmed in part; reversed and rendered in part.*