TARRANT COUNTY v. A. W. REED ET AL.

Decided March 1, 1902.

**1.—Sale of Land—Executory Contract—Recission—Equity.**

While ordinarily a vendor may rescind an executory contract for the sale of land for failure to pay the purchase money due, yet where there are facts making it inequitable for him to exercise this right a court of equity will not enforce it, but will leave him to his action for the purchase money. See example.

**2.—Assignment of Error.**

In the absence of a statement of facts an assignment of error attacking the trial court's findings of fact will not be considered.

ppeal from Wichita. Tried below before Hon. A. H. Carrigan.

R. C. Armstrong, Jr., and F. M. Brantley, for appellant.

Robt. E. Huff and Chas. C. Huff, for appellees.

CONNER, CHIEF JUSTICE.—This is an appeal from a judgment in appellant's favor for $1522.50 and interest, with foreclosure of the vendor's lien upon part of section 21 of Tarrant County school land situated in Wichita County that had been sold by appellant to one A. W. Reid on July 1, 1887, and for which said Reid on that day gave his note, with express reservation of the vendor's lien, in the said sum of $1522.50, payable twenty years after date. The interest, which was at the rate of 6 per cent per annum, was payable annually, and the note provided that in event of default in the payment of any installment thereof the whole note at the option of the holder should become due and payable. A. W. Reid defaulted in the interest payments due September 1, 1898, 1899, and 1900, and on March 7, 1901, appellant filed its original petition setting out the facts and praying for judgment against A. W. Reid for its debt and for foreclosure of its vendor's lien against him, and also for foreclosure of its said lien against his minor children, Dalton McCallie Reid and Mary Matilda Reid, and Wichita County. It was alleged, as was also shown upon the trial, that the deceased mother of said minors was the wife of A. W. Reid at the date of the sale to him, and that Wichita County was a subsequent vendee of two certain parcels of land forty feet wide extending across the land so sold to A. W. Reid, and upon which Wichita County had established two public roads.

All parties were duly cited, and on June 11, 1901, the appellant filed its amended petition, in the first count of which it sought to recover the land involved in this suit, this count being in the ordinary form of a petition in trespass to try title. In the second count it set up the facts substantially as in its original petition, and prayed in the alternative for the recovery of its debt, interest, and foreclosure of its vendor's lien as in the original petition. A. W. Reid failed to appear and answer. Wichita County set up its purchase of the land upon which it had established public roads as alleged, and the minor defendants answered by guardian ad litem that the land which appellant sought to recover was the community estate of their deceased mother and A. W. Reid; that they had no other estate out of which to procure funds with which to pay or to tender appellant the amount of the incumbrance; that the land was greatly enhanced in value since the sale to A. W. Reid and they therefore prayed that appellant's lien be merely foreclosed, and that the land be sold to pay the appellant's debt, and the judgment was in accord with their prayer, as stated in the beginning of this opinion.

The case appears before us upon the trial court's conclusions of fact, without a statement of facts. The court finds, among other things, in effect, that Tarrant County, prior to the institution of its suit, had made no demend for the payment of principal or interest due upon the contract set out in appellant's petition. The court also found that by filing said original petition appellant made its election to proceed upon the contract, and that therefore appellant was not entitled to recover the land, but was entitled only to its judgment with foreclosure of lien, etc.

Whatever may be the force of these findings, we think the judgment below must be affirmed.

Before passing to the considerations which induce us to so hold, we will stop to observe that we find no allegation in appellant's petition, nor is there any proof, that after appellant's original petition was filed any action whatever was taken by the Commissioners Court of Tarrant County, indicating a purpose or desire of that court that the characer of action and relief sought should be changed from that indicated by the original petition; but whether it be necessary that this should be done, or whether authority from said court for the institution of the suit to recoved the land is to be presumed from the mere fact of the filing of an amended petition to that effect by its counsel, we will not determine. We think it sufficient to say that, while ordinarily a vendor may rescind an executory contract for the sale of land made by him if the vendee fails to pay the purchase money, it is nevertheless not true in all cases, for, says our Supreme Court in the case of Milligan v. Ewing, 64 Texas, 260: "If there be facts which make it inequitable for the vendor to exercise this right a court of equity will not enforce it, but will leave the party to his action for the purchase money," citing authorities.

The court in this case has found in effect, as alleged, that circum-

stances did exist rendering it inequitable in appellant to avail itself of the right undoubtedly existing under ordinary circumstances to rescind the contract of sale made with A. W. Reid, under whom appellees assert an equitable title. The court's findings are quite meager on this issue, but we find no assignment of error specifically urging the objection that the findings are insufficient to sustain the judgment. It may be insisted that the assignments attacking the findings of the court because of what appeared or what did not appear in the evidence is to be considered as referring to the court's findings of fact, but we do not feel inclined to give the assignments this construction. There has been made a distinct difference in designation of evidence and of the court's conclusions of fact. The latter is the judicial result of the consideration of the former. In so far, therefore, as the assignments attack the court's findings in favor of appellees' asserted equity because of the insufficiency of the evidence, they must be overruled, there being no statement of facts.

This conclusion renders questions raised by other assignments immaterial. The judgment will therefore be affirmed.

*Affirmed.*

Writ of error refused.

Hunter, Associate Justice, did not sit in this case.