Second Appellate Department, October Term, 1903. Reported. 87 App. Div. 92.

" ERNEST OCHS," a Corporation, Appellant, *v.* CHARLES S. POHLY. as Receiver of the Property of JAMES F. RICE, Judgment Debtor, Respondent.

Conversion—Innocent purchase of stolen goods—A receiver taking possession of a liquor tax certificate and ordered to surrender it and distribute its proceeds—He is not liable in his capacity as a receiver for a conversion thereof to an assignee of the debtor.

The purchase of stolen goods innocently and in good faith does not, of itself, constitute a conversion; in order to render the purchaser liable for conversion, a demand and refusal is necessary. If, however, the pur-

chaser sells the property, he becomes liable for a conversion and no demand or refusal is necessary.

A receiver, appointed in proceedings supplementary to execution, of the property of a judgment debtor to whom a liquor tax certificate had been issued, took possession of such certificate pursuant to the order appointing him, in ignorance of the fact that the judgment debtor had previously assigned such certificate. Thereafter he obtained an order authorizing him to surrender the certificate and to apply the money received to the payment of certain claims. After complying with such order, he obtained another order confirming and approving his account. After the receiver had surrendered the certificate and had made the payments directed by the order before referred to, the assignee of the certificate demanded possession thereof from the receiver, which demand was refused.

*Held*, that the receiver's act in taking possession of the certificate and in surrendering it and disbursing the proceeds, having been done innocently and in obedience to a lawful judicial mandate, he was not liable for a conversion of the certificate in his capacity as receiver.

APPEAL by the plaintiff, "Ernest Ochs," a corporation, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 26th day of September, 1902, upon the verdict of a jury, and also from an order bearing date the 27th day of May, 1902, and entered in said clerk's office, denying the plaintiff's motion for a new trial made upon the minutes.

*John Cummins*, for the appellant.

*M. S. Guiterman*, for the respondent.

HIRSCHBERG, J. The defendant is sued, not individually, but as the receiver in supplementary proceedings of the property of James F. Rice, a judgment debtor, for the alleged value of a liquor tax certificate issued in the name of Rice, but assigned by him to the plaintiff as security for money loaned. The certificate was issued on May 4, 1896, and the assignment was executed the same day, the money loaned being used to pay for the certificate. Rice carried on the liquor business in his own name, and having contracted an indebtedness to H. Koehler & Co., that firm duly procured a judgment against him, and after examining him in supplementary proceedings duly procured the appointment of the defendant as receiver. It may be inferred from the record that by the terms of the order appointing the defendant receiver he was expressly directed to take possession of the certificate as the

property of Rice, and on September 15, 1896, he did take possession of it on producing and exhibiting to Rice a certified copy of the order. There is a conflict in the evidence as to what occurred at that time. Rice, examined as a witness on behalf of the plaintiff, testified that he told the defendant at the time that the certificate did not belong to him, but was the property of the plaintiff, but this the defendant denied, and he was corroborated in his denial by the evidence of another person who accompanied him, and both testified that Rice delivered the certificate voluntarily and without a suggestion that the plaintiff or any other person had or claimed any right to or interest in it. At the close of the evidence each side moved for the direction of a verdict, and after denial of the motions the court submitted to the jury the question whether the defendant took the certificate with knowledge that it belonged to the plaintiff, which submission resulted in a verdict in favor of the defendant establishing the fact that the original taking was in good faith and without any knowledge on the defendant's part of the existence of the plaintiff's claim. No request was made for the submission of any other disputed question of fact to the jury.

The case on appeal, in addition to the order appointing the defendant receiver, which order is dated September 15, 1896, contains two additional orders purporting to have been made by the Supreme Court in the supplementary proceedings. One is dated September 21, 1896, and authorizes the surrender of the certificate by the defendant to the deputy commissioner of excise of the State on receipt of its cash value, and directs the application of the moneys received to the payment of the claim of the judgment creditors and the disbursements, fees, etc. The other order, dated October 9, 1896, confirms and approves the receiver's account as filed, showing the surrender value received by him to have been the sum of $379.12, and that all but the sum of $45.50 was expended and disbursed in compliance with the requirements of the first order. Neither order appears to have been read in evidence, but the appeal has been argued on the assumption that both orders were duly granted. It may be further inferred from the record that at some time between September 25, 1896, and the commencement of the action the plaintiff served the defendant with a written notice claiming the certificate as its property and demanding its return, but the inference is fairly deducible that such service was made after the

defendant had surrendered the certificate and after he had disbursed so much of the proceeds of the surrender as has been disbursed in conformity with the order of September twenty-first.

The facts do not render the defendant liable for conversion in his capacity as receiver. The duty which he owed the court whose officer he is and the obligation of his bond alike require of him obedience to its orders and compliance therewith cannot constitute an actionable wrong. As to the original taking of the certificate (the only alleged act of conversion litigated upon the trial) the verdict of the jury establishes the fact that it was done in obedience to a judicial mandate and not in hostility to the plaintiff's claim. It is settled law that the mere purchase of goods from one who has no right to sell them, and even the purchase innocently and in good faith of stolen goods, does not constitute conversion. In such cases there must be a demand and refusal before the purchaser can be held liable in tort. It is true that it is also held that if the purchaser in turn sell the property he does thereby become liable as for a conversion, and that no demand is necessary under such circumstances; and it is argued that the defendant became liable without demand and refusal upon his disposal of the certificate by its surrender. Waiving the question as to whether such liability if it existed would be personal to the defendant and not in his representative capacity, it seems clear that if the surrender and the distribution of the proceeds were under the sanction of a court of competent jurisdiction, no liability as for a tort would arise in the capacity in which the defendant has been sued.

The cases of *Pease* v. *Smith* (61 N. Y. 477) and *Hovey* v. *Bromley* (85 Hun, 540) are distinguishable from this case. The general rule is recognized in both cases that to maintain an action of trover against one who receives property in good faith, ignorant of the want of title in the one from whom he received it, a demand and refusal must be shown, but such rule is qualified, as has been said, by the fact that no demand is necessary where the person who receives the property afterwards sells it. The act of selling in such case constitutes the conversion, being in its essential nature the act of converting the property to the seller's use. The sale is in itself an actual conversion, and being for the personal benefit of the vendor constitutes the wrong, and obviates the necessity of a demand, which indeed after sale and disposition of the property would be futile. Moreover, as was said in *Indus-*

*trial & General Trust* v. *Tod* (170 N. Y. 233, 265), " demand and refusal are only evidence of conversion." It is also doubtless true that a wrongful intent is not an essential element in conversion. It is sufficient, as was said in *Boyce* v. *Brockway* (31 N. Y. 490, 493), " that the rightful owner has been deprived of his property by some unauthorized act of another assuming dominion or control over it." Here, however, the defendant, if acting under the orders referred to, did not sell the property. He did not convert it to his own use. He did not exercise individual dominion or control over it in the sense of the foregoing citation from *Boyce* v. *Brockway,* but it was at all times in *custodia legis.* What he did was authorized by the court, and was done not of his own volition, but under judicial sanction and compulsion, and he could have been punished for contempt had he refused compliance upon the mere ground that some one might some day lay a claim to the property then in his possession as an officer of the court. It would be contrary to public policy and subversive of the aims of administrative justice to hold that the act of a receiver in thus obeying the judgment of a court of competent jurisdiction in distributing the apparent and, at the time, unquestioned property of an insolvent person without knowledge or the means of acquiring knowledge of the existence of an adverse claim constituted an actionable wrong subjecting him to liability both in property and with his person.

In *Platt* v. *N. Y. & Sea Beach Ry. Co.* (170 N. Y. 451) a receiver in foreclosure proceedings who took possession of money under an order of the court, which in fact belonged in equity to the general creditors, but which was distributed by the receiver under the sanction of an order among and for the benefit of the bondholders, was held to be protected by the orders until reversed. The court intimated in the opinion that a remedy by action might lie against him personally as a wrongdoer, but that he could not be assailed collaterally as a representative of the trust.

Nor does the case of *Niles* v. *Mathusa* (162 N. Y. 546) touch the point now under consideration. There it was held only that the assignee of a liquor tax certificate who allows it to remain in the hands of the assignor is not thereby estopped from setting up his title against a subsequent judgment creditor. The decision was as to the priority of the respective claims, and it was held that the prior claimant would be protected, notwithstanding the subsequent assignee or debtor had no notice of such prior claim.

But the question in this case is not as to the validity of the plaintiff's title, that being in fact wholly unquestioned upon the trial, but relates only to the nature of the liability, if any, of the defendant. If his act, innocently done and in obedience to a law-ful judicial mandate, constitutes a tort for which he must respond in his official capacity, then no receiver could act in any case with-out incurring a liability equally unjust and intolerable. No authority is cited in support of the claim, nor is its allowance necessary to the plaintiff's protection.

The judgment and order should be affirmed.

Goodrich, P. J., Bartlett, Woodward and Hooker, JJ., con-curred.

Judgment and order affirmed, with costs.