HUNTER et al. v. ABERNATHY. (No. 5674.)

(Court of Civil Appeals of Texas. Austin. June 7, 1916.)

1. CHATTEL MORTGAGES ⟨=⟩170(1)—"CONVERSION"—LIABILITY.

In view of Rev. St. 1911, art. 5660, providing that a chattel mortgagor shall not remove the property from the county or otherwise sell or dispose of it without the consent of the mortgagee, and that if he does, the mortgagee shall be entitled to possession and sale for the payment of his debt, any person is guilty of wrongful "conversion" of property who aids the mortgagor in so disposing of the proceeds thereof as to defeat the mortgagee's interest therein, and is not exempt from such liability because he is a factor or commission merchant (citing Words and Phrases, First and Second Series, Conversion).

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. § 305; Dec. Dig. ⟨=⟩170(1).]

2. CHATTEL MORTGAGES ⟨=⟩117, 235—CONVERSION—INTEREST OF THIRD PARTY.

Where defendant gave a mortgage for the first three bales of cotton to be raised upon a farm during a certain year to secure an indebtedness, and also gave a mortgage on the next three bales to be raised thereon during that year, and thereafter gave a mortgage on cotton to be raised on the farm in that year, and only three bales were raised that year and the first mortgagee's claim had been satisfied, neither the first nor second mortgagee had any interest in the two bales of cotton sold by the mortgagor to defendant, a factor and commission merchant, who remitted the proceeds to the mortgagor.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 202, 496–499, 507; Dec. Dig. ⟨=⟩117, 235.]

3. CHATTEL MORTGAGES ⟨=⟩176(1), 177(1) — CONVERSION—PLEADING AND ISSUES.

In such case, where the mortgagor and the commission merchant to whom the cotton had been shipped, defending as against a third mortgagee, were not claiming under such prior mortgages, they could not insist that the cotton was subject thereto.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 336, 338, 340–350, 477; Dec. Dig. ⟨=⟩176(1), 177(1).]

Appeal from Coleman County Court; W. Marcus Weatherred, Judge.

Action by M. C. Abernathy against H. B. Hunter and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Woodward & Baker, of Coleman, for appellants. Critz & Woodward, of Coleman, for appellee.

RICE, J. This suit was brought by appellee in the justice court against H. B. and J. W. Hunter, to enforce the collection of a promissory note for $125, payable to him, with interest and attorney's fees. Appellants Goldman, Lester & Co. were made parties defendant on the theory that they had converted two bales of cotton described in the mortgage given by H. B. Hunter to appellee to secure the note. These appellants appealed from the judgment in the justice court against them to the county court, where the case was again tried, and judgment rendered against them for $117.50, $100 for the value of the cotton alleged to have been converted and $17.50 interest. To the pleadings of plaintiff alleging conversion, appellants Goldman, Lester & Co. entered a general denial. From said judgment appellants have prosecuted this appeal.

The facts, briefly stated, as evidenced by the findings of the court and jury, show that the Hunters executed and delivered the note sued upon to appellee, and that H. B. Hunter, in order to secure it, gave a mortgage to appellee on 60 acres of cotton to be raised during the year 1912 on the Petty farm in Coleman county. Prior to the execution of this mortgage, H. B. Hunter had given a mortgage to one Bell for the first three bales of cotton to be raised on that farm during said year to secure an indebtedness due him, and had likewise given a mortgage on the fourth, fifth, and sixth bales to be raised on that farm during the same year, to Paddleford & Son, to secure a debt due them; both of which mortgages were executed and duly recorded before appellee's mortgage was given and recorded. Only three bales of cotton were raised on this farm during the year in question, one of which was sold by H. B. Hunter to one Stacy, and is not involved herein. The other two bales were shipped by him through E. F. Gordon as agent of Goldman, Lester & Co., factors and commission merchants, to that firm at Houston, who sold same, remitting the proceeds, less their commissions and transportation charges directly to H. B. Hunter. It likewise appears from the evidence that the debt secured by the mortgage to Bell had been paid off.

[1] It is the contention of appellants Goldman, Lester & Co.: First, that as they were factors and commission merchants, and remitted the proceeds direct to H. B. Hunter, they were not guilty of conversion of the cotton, and that the judgment rendered against them was therefore erroneous; second, they likewise insist that the cotton was subject to the prior mortgage liens of Bell and Paddleford & Son, for which reason appellee was not entitled to judgment. We overrule both contentions. Any person is guilty of wrongful conversion of property who aids and assists the mortgagor in so disposing of the proceeds thereof as to defeat the mortgagee's interest therein; and we do not think he is exempt from the operation of this rule by reason of the fact that he was a factor or commission merchant. See R. S., art. 5660 (3333) (3190B, § 6); Buffalo Pitts Co. v. Stringfellow Hume Hdw. Co., 129 S. W. 1161, 1162; Western Mortg. & Investment Co. v. Shelton, 8 Tex. Civ. App. 550, 29 S. W. 494; Mohr v. Langan, 162 Mo. 474, 63 S. W. 409–416, 85 Am. St. Rep. 503 (cited 2 W. & P. 1569); Ochs v. Pohly, 87 App. Div. 92, 84 N. Y. Supp. 1, 3 (cited 2 W. & P. 1569); 2 W. & P. 1564, and many cases there quoted; 1 W. & P. (2d Series)

1030, and cases there quoted; Jones on Chat. Mtg. § 490.

[2, 3] With reference to the second contention, it is made to appear that neither Bell nor Paddleford & Son had any interest whatever in the two bales of cotton involved in this controversy, since it was shown that Bell's claim had been satisfied; and, as only three bales of cotton were raised on the farm during 1912 and Paddleford & Son's mortgage only covered the fourth, fifth, and sixth bales, they therefore had no interest in the cotton in controversy. Besides this, appellants are not claiming under such prior mortgages. See O'Brien v. Hilburn, 22 Tex. 616, 624; Jackson v. Nelson, 39 S. W. 315, writ of error denied; 38 Cyc. 2062.

Finding no error in the proceedings of the trial court, its judgment is in all respects affirmed.

Affirmed.