[Civil No. 1751.   Filed March 22, 1920.]

[188 Pac. 130.]

GEORGE B. LEIGHTON and MAY BOONE, Appellants, v. JOE NOHLECHEK and RHODA G. HATCH, Copartners Doing Business Under the Name of JOE NOHLECHEK, etc., Appellees.

1. APPEAL AND ERROR—APPEAL DISMISSED ON FAILURE TO CONTEST MOTION THEREFOR.—Where appellant does not contest motion for dismissal of appeal, the Supreme Court is justified in granting motion and dismissing appeal.

2. ATTACHMENT—HELD PROPERLY DISSOLVED FOR VARIANCE BETWEEN AFFIDAVIT AND CONTRACT.—Where attachment affidavit alleged indebtedness on an "express and implied contract for the direct payment of money," and where the exhibited contract merely obligated defendants as lessees of mine to do certain specified things in the operation thereof, entitling plaintiff merely to damages for breach thereof, there was a variance between the affidavit and exhibited contract, and the court properly ordered attachment dissolved.

APPEAL from a judgment of the Superior Court of the County of Yuma.   Fred L. Ingraham, Judge. Dismissed.

Mr. T. E. Gibbon, Mr. Frank Freeman and Mr. C. H. Coleman, for Appellants.

Mr. Thomas D. Molloy, for Appellees.

CUNNINGHAM, C. J.—The appellant George B. Leighton, as plaintiff, commenced this action against Joe Nohlechek and Rhoda G. Hatch to recover damages alleged to have been suffered because of breaches by defendants of covenants of a certain mining lease. The plaintiff procured the issuance of an attachment against the property of the defendants as security for any judgment he expects to recover.

2. For note on effect of variance in statement of claim between affidavit for attachment and declaration, see 3 **Ann. Cas.** 186.

The attachment was issued upon affidavit of the plaintiff's agent, alleging:

"That the defendants . . . are indebted to plaintiffs in the sum of . . . $10,664.57, lawful money of the United States, and said sum is due plaintiffs over and above the legal setoffs and counterclaims upon the express and implied contract for the direct payment of money, to wit, for failure to erect and construct a concentration plant for the concentrating of ore, and for the failure to sink certain shafts, and for the failure to keep the drift, tunnels, shafts, and other passages for working the Critic mine thoroughly drained and clear of loose rock and rubbish of all kinds, and for the failure to work said Critic mine according to law and rules and custom of miners, and for the failure to thoroughly timber all shafts, drops, cross-cuts and stopes in said Critic mine, and for the failure to pay state and county taxes assessed against said Critic mine, and for the failure to do all of the things necessary, proper and required of the defendants to do under and by virtue of that certain indenture of lease entered into the twenty-sixth day of October, 1917, by and between George B. Leighton as lessor and Joe Nohlechek as lessee, and that such contract was made and is payable in this state, and that the payment of the same has not been secured by any mortgage," etc.

—containing the usual additional statutory allegations. The affidavit and sufficient bond in attachment were duly filed and approved at the time of the commencement of this action. The lease mentioned in the affidavit is annexed to the complaint as an exhibit. The defendants in due time moved to dissolve the attachment upon the ground that the contract sued upon is not one for the direct payment of money, and that no payment is agreed upon or recoverable upon such contract other than as damages for its breach. Other grounds were alleged in the motion, but they are not seriously relied upon. The motion was heard by the court on the complaint, rec-

ord and papers of the cause and upon oral testimony of witnesses examined in court, and affidavits filed. The oral testimony is not brought up on this appeal. The court ordered the attachment dissolved, and the plaintiff duly appeals from such order.

This appeal was perfected on the thirty-first day of May, 1919, was submitted to this court for decision on the twenty-third day of January, 1920, and on the twenty-fourth day of January, 1920, the superior court of Yuma county rendered a judgment in the main case in favor of the defendants there and the appellees here. Accompanying such judgment as a part of the same entry, all attachment liens were dissolved, and the property held under the attachment levy was ordered returned to the defendants, from which no appeal has been taken. Because of these subsequent orders and judgment, the appellees, having made the same to appear by their motion filed herein and by satisfactory proof accompanying the same, move a dismissal of this appeal.

The motion was served upon Mr. Coleman, one of appellants' attorneys, on January 26, 1920, by Rhoda G. Hatch, by leaving a copy thereof and a copy of the exhibits and arguments annexed thereto with a young lady stenographer in charge of Mr. Coleman's office, he being absent, all as appears from the affidavit of Rhoda G. Hatch, accompanying such motion. The appellants have not contested the motion, and from this failure on their part we are justified in granting the motion and dismissing the appeal.

Without further discussion, it is not amiss to add that the contract of lease annexed to the complaint is not an express or implied contract for the direct payment of money, and therefore the exhibited contract mentioned in the attachment affidavit fails to support the affidavit in that respect and is a clear variance. The court properly ordered the attachment dissolved.

This view now expressed justifies appellees' recovery of their costs in this court on this appeal.

The appeal is dismissed.

ROSS and BAKER, JJ., concur.