## HOOSER v. G. M. CARLTON BROS. & CO. (No. 409.)

(Court of Civil Appeals of Texas. Waco. Oct. 28, 1926. Rehearing Denied Dec. 9, 1926.)

**1. Appeal and error ⬅⮕930(3)—Findings of court supplementary to special issues, if not express, are implied in support of judgment.**

In cases submitted to jury on special issues, findings of court in connection therewith, if not express, are implied in support of the judgment, where sustained by the evidence.

**2. Appeal and error ⬅⮕930(3)—Where case was submitted to jury on special issues, findings implied are presumed to be sustained by evidence (Rev. St. 1925, art. 2190).**

Where case was submitted to jury on special issues, and court thereon rendered judgment, findings on all issues necessary to judgment are presumed to be supported by evidence under Rev. St. 1925, art. 2190, provided findings are not in conflict with issues submitted to jury and are within pleadings.

**3. Trover and conversion ⬅⮕32(4)—Petition not alleging manner of conversion held to support judgment upon any state of facts amounting in law to conversion.**

Petition alleging conversion of cotton by defendants, though not alleging manner in which conversion was accomplished, held sufficient to support judgment in favor of plaintiff upon any state of facts amounting to conversion in law.

**4. Trover and conversion ⬅⮕25—To be guilty of conversion, actual possession of property is unnecessary.**

It is not necessary for person to have had at any time actual possession of property to be held liable for conversion thereof.

**5. Chattel mortgages ⬅⮕177(5)—Verdict that landlord received proceeds of tenant's crop on which plaintiff had mortgage held to support finding that landlord was guilty of conversion.**

Verdict that landlord received proceeds of cotton crop belonging to tenant, which tenant had mortgaged to plaintiff, held to justify im-

plied finding by court that landlord was guilty of conversion of mortgaged property.

Appeal from Coryell County Court; L. M. Stinnett, Judge.

Suit by G. M. Carlton Bros. & Co. against E. H. Hooser and another. Judgment for plaintiff, and defendant Hooser appeals. Affirmed.

T. R. Mears, of Gatesville, for appellant. McClellan & Cross, of Gatesville, for appellee.

GALLAGHER, C. J. This suit was instituted by appellee, G. M. Carlton Bros. & Co., a corporation, in the county court of Coryell county, to recover a judgment against Sam Bates on a promissory note for the sum of $262.85 executed and delivered to it by him, and to foreclose a mortgage lien given by him to secure the same on 65 acres of cotton. Appellee also sought a judgment against appellant E. H. Hooser, alleging that said Bates had produced about 13 bales of cotton on the mortgaged premises, and that he and said Hooser had converted said cotton to their own use and deprived appellee of the value of anything from the sale of said crop. Appellee further alleged that said Hooser was asserting some fictitious claim to said property and the proceeds thereof, but that such claim was inferior to appellee's mortgage. Bates made default. Appellant answered, in substance, that he owned a certain farm, and that said Bates occupied the same as his tenant; that said Bates had and exercised full control and dominion over said farm and over the crops raised thereon; that appellant was to receive half the crops raised on said farm as rent therefor and as compensation for the use of tools, teams, feed, etc.; that appellant made advances to said Bates of the aggregate sum of $629; and that he had a landlord's lien therefor, which was superior to appellee's mortgage. Appellant also alleged that said Bates raised a crop of 110 acres of cotton on said farm, only 65 acres of which was mortgaged to appellee. He expressly denied that the relation existing between him and said Bates was that of landowner and cropper. He further expressly denied that he had ever had possession of or exercised any control over any of the crop of cotton raised on the rented premises, or that he had done anything in the premises which could constitute in law a conversion of said cotton, or any part thereof.

The case was tried before a jury. The issues submitted and the answers of the jury thereto were as follows:

"(1) Was the relation of E. H. Hooser and Sam Bates, under the terms of their agreement, that of landlord and tenant or that of landowner and cropper? Answer: Landlord and cropper.

"(2) Were any advances made by E. H. Hooser to Sam Bates to work the lands covered by Carlton's mortgage? Answer: Yes.

"If answered 'yes,' then (3) What was the amount of advances made by E. H. Hooser to Sam Bates to work land covered by Carlton's mortgage? Answer in dollars and cents. Answer: $195.

"(4) What sum of money do you find, if any, that the defendant Sam Bates has repaid on advances made by E. H. Hooser? Answer: $337.50.

"Now, if you should answer Special Issue No. 1 'landowner and cropper,' then answer issue (5) What amount of the crop or proceeds thereof, that was raised on the premises covered by Carlton's mortgage, was paid by Bates to Hooser? Answer in dollars and cents as you find from the facts before you. Answer: $675."

The court rendered a judgment on the verdict of the jury, awarding appellee a judgment against the defendant Bates in the sum of $289.21, the amount of the note sued on, with interest and attorney's fees, and against appellant Hooser for said sum of $289.21, "as if for conversion of mortgaged property," Hooser alone has appealed. There is no statement of facts presented with the transcript in this appeal.

Opinion.

Appellant contends that the verdict of the jury is not responsive to the pleadings nor supported thereby, and that it is insufficient in law to authorize the money judgment rendered by the court against him "as if for conversion of mortgaged property." This contention on appellant's construction of the verdict. He claims that said verdict merely finds that he received certain moneys arising from the sale of the cotton grown on the mortgaged premises, and that such finding is insufficient to sustain a charge of conversion.

[1, 2] The general rule is that, in the absence of a statement of facts, the verdict is presumed to be supported by the evidence. M., K. & T. Ry. Co. v. Waggoner (Tex. Civ. App.) 109 S. W. 971, 973, affirmed 102 Tex. 260, 263, 115 S. W. 1172. The same rule applies with reference to the findings of fact and the judgment rendered by the court in cases tried without the intervention of a jury. City of San Antonio v. Berry, 92 Tex. 319, 326, 327, 48 S. W. 496; Tarrant County v. Reed, 28 Tex. Civ. App. 425, 67 S. W. 785, 786 (writ refused); Connell v. Nickey (Tex. Civ. App.) 167 S. W. 313, 321 (writ refused); Harkleroad v. Leonard, 28 Tex. Civ. App. 133, 67 S. W. 127, 128, 129; Petty v. Petty (Tex. Civ. App.) 57 S. W. 923. This case, however, was submitted to the jury on special issues. The judgment of the court in such cases may, under our practice, be based in part on the verdict and in part on findings by the court, either express or implied, in connection therewith or supplemental

thereto. Though there be no express findings such findings are implied in support of the judgment in all cases where there is any evidence to sustain them. R. S. art. 2190; American Nat. Bank. v. American Loan & Mortgage Co. (Tex. Com. App.) 228 S. W. 169, 172, par. 6. Under this statute, in the absence of a statement of facts, we are required to presume that the evidence sustained the trial court in finding all issues necessary to support the judgment in favor of appellee, provided such findings so implied are not in conflict with any of the issues submitted to the jury and are within the case made by appellee's pleadings. Bartlett Lumber Co. v. Chaney (Tex. Civ. App.) 219 S. W. 837, 838 (writ dismissed).

[3] Appellee's petition alleged that Bates' and Hooser converted the cotton raised on the mortgaged premises to their own use. The manner in which such conversion was accomplished was not alleged. The authority of the trial court to require appellee to make a more specific allegation with reference to the manner of conversion or the circumstances attending the same was not invoked. The petition was therefore sufficient to support a judgment in favor of appellee upon any state of facts showing such action on his part as amounted to a conversion in law. The term "conversion" is defined, and the nature and elements thereof declared, in 38 Cyc. pp. 2005, 2007–2009, as follows:

"The legal wrong, denominated 'conversion,' is any unauthorized act of dominion or ownership exercised by one person over personal property belonging to another. * * * The essence of conversion is not acquisition of property by the wrongdoer, but a wrongful deprivation of it to the owner; and consequently neither manucaption nor asportation are essential elements thereof. * * * Acts of conversion have been classified as follows: (1) A taking from the owner without his consent; (2) an unwarranted assumption of ownership; (3) an illegal use or abuse of the chattel; and (4) a wrongful detention after demand."

[4] It is not necessary for a person to have had at any time actual possession of the property to be held liable for the conversion thereof. 26 R. C. L. p. 1110, § 20. On the question of personal liability for acts amounting to conversion, we quote from 26 R. C. L. pp. 1137, 1138, §§ 50, 51, as follows:

"It may be stated as a general rule that one who receives without right the direct benefits of the personal property of another is liable in trover for the value of the same. * * * One who aids and abets another in keeping property from its rightful owner is guilty of conversion. * * * It has accordingly been held that a person is guilty of conversion, though he did not personally engage with the person who actually took possession of the property and used, consumed, and disposed of it, if he cooperated with him in those acts by aiding and abetting him in doing them, and by his subsequent recognition, approval, and adoption of them. So also is a person who, though having no active personal agency in the taking of the property or in the subsequent use or disposition of it, yet advised and assisted another in the measures adopted for the taking of it, received benefit from the taking, and subsequently approved and adopted it."

[5] The rule so announced has been followed in this state. Hunter v. Abernathy (Tex. Civ. App.) 188 S. W. 269; Nunn v. Padgitt Bros. (Tex. Civ. App.) 161 S. W. 921, 924, par. 7. Whether or not appellant's acts if any, in connection with the mortgaged cotton, amounted to a conversion of the same, or whether he so acted in connection therewith as to make him liable "as if for conversion of mortgaged property," were issues not submitted to the jury. Had such issues been submitted and answered by the jury in appellee's favor, it could not be said that such answers were in conflict with the findings actually made by the jury in this case. The court, in submitting issue No. 5 seems to have considered that under the facts in evidence it was immaterial whether the benefit which appellant received was a part of the crop or a part of the proceeds thereof. He used those terms in the alternative in said issue, and he is presumed to have done so advisedly in the light of the evidence before him. Appellant made no objection either to the form or the substance of the issues submitted, and did not request the submission of any other issues. Under the allegations of the petition, proof of any action by appellant which might have made him legally liable for conversion was admissible. An implied finding by the court that appellant, in connection with Bates, so acted in the premises as to render himself liable for conversion, though he may never have had physical possession of the property but merely received a part of the proceeds thereof, is not inconsistent with the findings actually made by the jury and returned in their verdict. There being no statements of facts in the record, we are required under the rule announced in Bartlett Lumber Co. v. Chaney, supra, to presume that the trial court made such a finding. Such being the case, the judgment is supported by the pleadings and the verdict of the jury, supplemented by implied findings by the court consistent therewith.

The judgment of the trial court is affirmed.